1 | Neil D. Greenstein (SBN 123980)
2 | TECHMARK
  | 1917 Palomar Oaks Way, Suite 300
3 | Carlsbad, CA 92008
  | (408) 280-2228, X303
4 |
5 | Elliott J. Stein (SBN 119153)
  | STEVENS & LEE, P.C.
6 | 100 Lenox Drive, Suite 200
  | Lawrenceville, New Jersey 08648
7 | (609) 243-9111
8 | Attorneys for Plaintiff,
9 | POSITORK DISTRIBUTING, INC.

ORIGINAL FILED
2011 MAR 21 P 2: 34

ADR
E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| POSITORK DISTRIBUTING, INC., a Delaware corporation, | Civil Action No.: CV 11-01346 MEJ |
|---|---|
| Plaintiff, | COMPLAINT |
| v. | 1. Federal Trademark Infringement |
| CT DRIVES, LLC, a California limited liability company and DOES I through X, inclusive, | 2. Federal Trademark Counterfeiting |
|  | 3. Federal Unfair Competition |
|  | 4. False Advertising |
|  | 5. Unfair Competition Under State Law |
|  | 6. Common Law Trademark Infringement |
| Defendant. | 7. Common Law Unfair Competition |
|  | 8. Breach of Contract |
|  | 9. Unjust Enrichment & Accounting |
|  | DEMAND FOR JURY TRIAL |

Plaintiff, Positork Distributing, Inc., (hereinafter, "POSITORK"), by its attorneys, Stevens & Lee, P.C., and TechMark, says as and for its Complaint against CT Drives, LLC (hereinafter, "CT DRIVES") and Does I through X (hereinafter, the "DOES"):

27 | ///
28 | ///

- 1 -                                                                                    Complaint

**PARTIES**

1. Plaintiff POSITORK is a Delaware corporation with offices in Pleasanton, California.

2. Defendant CT DRIVES is a California limited liability company with offices in Los Gatos, California.

3. The identity and citizenship of the Defendant DOES is presently unknown but, upon information and belief, all of the DOES are subject to the jurisdiction of this Court.

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court arises under the trademark laws of the United States, 15 U.S.C. §1121 et seq. This Complaint also alleges violations of state law and common law. This Court has jurisdiction over those latter claims pursuant to 28 U.S.C. § 1338(a) and (b) and under the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over the Defendants pursuant to 28 U.S.C. §1391(b) because they have committed one or more of the infringing acts complained of herein in the State of California and in this District and reside and/or do business in the State of California and in this District.

6. Venue in this Court is also proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the claims asserted herein arose in this District.

**INTRADISTRICT ASSIGNMENT**

7. This is an intellectual property case and as such is subject to district-wide assignment pursuant to L.R. 3-2(c).

/ / /

/ / /

**FACTS COMMON TO ALL COUNTS**

8. POSITORK is, and has, since January 2004, been in the business of designing, developing and marketing parts and accessories for internal combustion engines, including alternators and starters, together with components and parts therefor.

9. POSITORK has developed a well-recognized reputation for delivering innovative and high quality products that are purchased by original equipment manufacturers and those purchasing replacement parts (collectively, "Purchasers").

10. POSITORK has developed and marketed its products under a number of trademarks, some of which it owns and others which it licenses from third parties.

11. Purchasers have come to associate those trademarks with POSITORK and its well-recognized reputation for delivering innovative and high quality products and those trademarks have aided POSITORK in the sale of its products and become valuable assets of POSITORK.

12. In February 2004, POSITORK licensed the registered trademarks "FACET" described in Exhibit A-1 and the "FACET" logo (design) described in Exhibit A-2 (collectively, the "Facet Marks"). POSITORK's license for these marks is exclusive in the market relevant to this action.

13. POSITORK has developed a proprietary line of clutches and decoupler pulleys for use with alternators for internal combustion engines (the "Products") and, as early as 2006, adopted the trademark "REACTIV" in connection with the marketing and sale of such Products.

14. On July 14, 2006, POSITORK filed an application for registration of the trademark "REACTIV" specifying "Alternators for land vehicles and components thereof,

namely, brushes, pulleys, engine bearings, distributors rotors and stators" with the United States Patent and Trademark Office.

15. On August 12, 2008, POSITORK was awarded United States Registered Trademark No. 3,486,479 (the "Registration") for "REACTIV" (the "Registered Trademark") specifying "Alternators for land vehicles and components thereof, namely, brushes, pulleys, engine bearings, distributor rotors and stators". [A copy of the Certificate of Registration for the Registered Trademark is attached as Exhibit B.]

16. The Registration is valid and subsisting and the Registered Trademark has been in continuous use since at least October 1, 2006.

17. CT DRIVES was formed in May 2008.

18. Shortly after the formation of CT DRIVES, POSITORK entered into an agreement with CT DRIVES (the "Agreement") whereby CT DRIVES would assemble, manufacture and test Products to POSITORK's order and specification and sell such Products to POSITORK for POSITORK's resale to its customers.

19. Under the terms of the Agreement, CT DRIVES was authorized to affix labels that displayed both the Facet Marks and the Registered Mark only to those Products sold to POSITORK.

20. Beginning in early 2010, CT DRIVES and POSITORK attempted to renegotiate the Agreement. While the negotiations were underway, CT DRIVES placed images of POSITORK's Products on its website at www.ct-drives.com (the "Offending Website") and began using the Facet Marks and the Registered Trademark on the Offending Website and elsewhere.

21. After the negotiations between CT DRIVES and POSITORK failed in August 2010, CT DRIVES ceased assembling, manufacturing, testing and selling Products to POSITORK.

22. Upon information and belief, at or about the same time, CT DRIVES approached POSITORK's customers and offered to sell them the products ("Counterfeits") that that they represented to be the same as the Products previously purchased from POSITORK.

23. Upon information and belief, at or about the same time, CT DRIVES lead POSITORK's customers to believe that POSITORK had authorized the sales of the Counterfeits by CT DRIVES.

24. Upon information and belief, at or about the same time, CT DRIVES labeled and packaged the Counterfeits to appear as though they were Products coming from or sponsored by POSITORK.

25. In furtherance of its efforts to divert and secure business from POSITORK's existing and potential customers and to sell Counterfeits to them, CT DRIVES continued to use the Facet Marks and the Registered Mark on the Offending Website and in other promotional materials in a practice commonly called "bait and switch". [A copy of the pages of the Offending Website wherein the Facet Marks and the Registered Trademarks continue to be used are attached as Exhibit C.]

26. In furtherance of its efforts to divert and secure business from POSITORK's existing and potential customers and to sell Counterfeits to them, CT DRIVES continued to display images and descriptions of Products on the Offending Website and in other promotional materials in a practice commonly called "bait and switch".

27. On September 1, 2010, POSITORK served written demand upon CT DRIVES to cease all use of the Facet Marks and the Registered Trademark. [A copy of the demand is attached as Exhibit D.]

28. On September 8, 2010, CT DRIVES agreed in writing to cease all use of the Facet Marks and the Registered Trademark.

29. Notwithstanding the written demand by POSITORK and the agreement of CT DRIVES to cease all use of the Facet Marks and the Registered Trademark, CT DRIVES continues to use the Facet Marks, the Registered Trademark, images and descriptions of Products to divert and secure business from POSITORK's existing and potential customers and to sell Counterfeits to them.

30. Upon information and belief, CT DRIVES has continued to use brochures and sales presentations prepared by or for POSITORK to divert and secure business from POSITORK's existing and potential customers and to sell Counterfeits to them.

31. The Defendant DOES, with full knowledge of the foregoing, and in concert and active participation with CT DRIVES have, promoted, marketed and sold Counterfeits and associated products using the Facet Marks, the Registered Trademark, images of the Products.

32. The Defendants have engaged in the foregoing, wrongful conduct without the authorization or consent of POSITORK.

33. As a direct result of the unlawful conduct of Defendants, Purchasers and potential Purchasers of clutches and decoupler pulleys and associated products, together with other members of the general public, have been deceived, become confused and have mistakenly concluded that the products that they are purchasing from the Defendants are Products when, in fact, they are purchasing Counterfeits.

1    34.    As a direct result of the unlawful conduct of Defendants, Purchasers and potential Purchasers of clutches and decoupler pulleys and associated products, together with other members of the general public, have been deceived, become confused and have mistakenly concluded that the products that they are purchasing from the Defendants are designed, developed or marketed by POSITORK when they are not.

35.    As a direct result of the unlawful conduct of Defendants, Purchasers and potential Purchasers of clutches and decoupler pulleys and associated products, together with other members of the general public, have been deceived, become confused and have mistakenly concluded that the Defendants and their Counterfeits are somehow affiliated, connected, associated or sponsored by POSITORK when, in fact, they are not.  CT DRIVES also used the Facet Marks, the Registered Mark and its claimed association with POSITORK in its attempts to sell CT DRIVES.

36.    Additionally, those purchasing Counterfeits from the Defendants have come to associate defects in the clutches and decoupler drives purchased from CT DRIVES and/or the DOES with the Facet Marks and the Registered Trademark, thereby tarnishing those trademarks and the reputation of POSITORK.

37.    The Defendants' unlawful conduct has been intentional and the damage to POSITORK foreseen and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to POSITORK, its business, its reputation and goodwill for which POSITORK has no adequate remedy at law.

/ / /

/ / /

/ / /

/ / /

## CAUSES OF ACTION

## COUNT ONE

## Infringement of Federally-Registered Trademark

## (Against All Defendants)

38. POSITORK hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 37, inclusive, as though fully set forth herein.

39. POSITORK is the owner of the Registered Trademark and uses such mark in interstate commerce.

40. The Registered Trademark is valid and subsisting.

41. The Defendants have infringed and induced others to infringe the Registered Trademark in interstate commerce by various acts, including, without limitation, unauthorized use of the Registered Trademark in the sale, offering for sale, promotion and advertisement of goods that are not sold, designed, developed, manufactured, approved, affiliated, or otherwise authorized by POSITORK. Such infringement has been direct and indirect, primary and secondary and inducement to infringe by one or more of the Defendants.

42. The Defendants' continued use of the Registered Trademark is without the permission or authority of POSITORK and has caused and is likely to cause confusion, cause mistake and/or to deceive those in the relevant market in violation of 15 U.S.C. § 1114.

43. The Defendants' continued use of the Registered Trademark in connection with products that are similar to the Products has been made notwithstanding POSITORK's well-known and prior established rights in the Registered Trademarks and with both actual and constructive notice of the POSITORK's Registration under 15 U.S.C. §1072.

44. The Defendants' continued infringement of POSITORK's Registered Trademark has been and continues to be willful, entitling POSITORK to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

45. The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to POSITORK, its business, its reputation and goodwill in the Registered Trademark for which POSITORK has no adequate remedy at law.

## COUNT TWO

### Counterfeiting Of Federally-Registered Trademark

### (Against All Defendants)

46. POSITORK hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 45, inclusive, as though fully set forth herein.

47. POSITORK is the owner of the Registered Trademark and uses such mark in interstate commerce.

48. The Registered Trademark is valid and subsisting.

49. The Defendants have intentionally and willfully used a word mark, in connection with the sale, offering for sale, or distribution of goods, knowing such word mark is a counterfeit mark.

50. POSITORK has the right, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages of up to $2 million, as the court considers just, and such right to recover statutory damages is hereby reserved.

51. The Defendants' continued counterfeiting activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to

POSITORK, its business, its reputation and goodwill in the Registered Trademark for which POSITORK has no adequate remedy at law.

## COUNT THREE

### Federal Unfair Competition In Violation Of 15 U.S.C. 1125(a)

### (Against All Defendants)

52. POSITORK hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 51, inclusive, as though fully set forth herein.

53. By engaging in the aforementioned conduct, the Defendants have and are violating 15 U.S.C. § 1125(a) and are unfairly competing with POSITORK.

54. Defendants are engaging in false designation of origin, false and misleading description of fact or false and misleading representation of fact, any or all of which are likely to cause confusion, mistake and to deceive as to the affiliation, connection, association or sponsorship with POSITORK, or origin, sponsorship, or approval of Defendants' goods, services or commercial activities by POSITORK in violation of 15 U.S.C. § 1125(a).

55. Defendants are engaging in false designation of origin, false and misleading description of fact or false and misleading representation of fact, any or all of which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her goods, services, or commercial activities in violation of 15 U.S.C. § 1125(a).

56. Defendants' conduct is likely to harm or extinguish the ability of POSITORK to indicate the source and quality of its Products to Purchasers and the general public.

57. The Defendants' continued willful, wanton and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to

POSITORK, its business, its reputation and its goodwill for which POSITORK has no adequate remedy at law.

58. The Defendants have been unjustly enriched and profited and will continue to be unjustly enriched and profit from their willful, wanton and unlawful conduct and POSITORK is entitled to recover damages and profits from Defendants in an amount to be proven at trial.

## COUNT FOUR

### False Advertising Under California Law

### Cal. Bus. & Prof. Code § 17500, § 17535

### (Against CT DRIVES)

59. POSITORK hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 58, inclusive, as though fully set forth herein.

60. The Defendants' conduct constitutes deceptive, untrue and misleading advertising in violation of California Business and Professions Code § 17500 and § 17535 and under California common law.

61. As a result of Defendants' conduct, POSITORK has lost money and other property.

62. The Defendants' continued willful, wanton and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to POSITORK and its Registered Trademark for which POSITORK has no adequate remedy at law.

/ / /

/ / /

/ / /

/ / /

/ / /

# COUNT FIVE

## Unfair Competition Under California Law

## Cal. Bus. & Prof. Code § 17200

### (Against All Defendants)

63. POSITORK hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 62, inclusive, as though fully set forth herein.

64. Defendants' acts and omissions are likely to cause confusion, mistake in and deceive the general purchasing public, including but not limited to Purchasers, regarding the source and quality of the products being purchased from the Defendants.

65. Defendants' acts and omissions are likely to unlawfully divert the trade and business of POSITORK to Defendants and away from POSITORK.

66. Defendants' acts and omissions are likely to mislead the general purchasing public, including but not limited to Purchasers, into wrongly believing that there is an affiliation, connection, association or sponsorship between the Defendants and POSITORK.

67. By engaging in the aforementioned acts and omissions, Defendants have violated California Business and Professions Code § 17200 in that Defendants have, and will continue to, divert the trade and business of POSITORK to Defendants and away from POSITORK and otherwise unlawfully compete with POSITORK.

68. The Defendants' continued willful, wanton and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to the Registered Trademark for which POSITORK has no adequate remedy at law.

/ / /

/ / /

/ / /

### COUNT SIX

### Common Law Trademark Infringement Under California Law

### (Against All Defendants)

69. POSITORK hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 68, inclusive, as though fully set forth herein.

70. POSITORK is the owner of goodwill and valuable trademark rights protected by the common law of California.

71. The unauthorized use by Defendants of reproductions, counterfeits, copies or colorable imitations of the Registered Trademark in connection with the sale of Defendants' goods is likely to cause confusion, mistake and deception and violates POSITORK's rights under California's common law.

72. The Defendants' continued willful, wanton and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to the Registered Trademark for which POSITORK has no adequate remedy at law.

### COUNT SEVEN

### Common Law Unfair Competition Under California Law

### (Against All Defendants)

73. POSITORK hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 72, inclusive, as though fully set forth herein.

74. Defendants have and are willfully, fraudulently, oppressively, maliciously and unlawfully diverting and attempting to divert the trade and business of POSITORK to Defendants and away from POSITORK.

75. Defendants are using the Registered Trademark, the Facet Marks, images and descriptions of Products to promote and sell products that are not Products and are not designed, developed, manufactured or sold by POSITORK.

76. Defendants are engaging in the aforementioned conduct without the authority or consent of POSITORK and are profiting and unjustly enriching themselves by their wrongdoing.

77. Defendants are unlawfully competing with POSITORK in violation of California's common law.

78. As a result of Defendants' conduct, POSITORK has lost money and other property.

79. The Defendants' continued willful, wanton and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to the Registered Trademark for which POSITORK has no adequate remedy at law.

## COUNT EIGHT

### Breach of Contract

### (Against CT DRIVES LLC)

80. POSITORK hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 79, inclusive, as though fully set forth herein.

81. CT DRIVES entered into a written agreement on September 8, 2010 to cease all further use of the Registered Mark and the Facet Marks.

82. CT DRIVES has continued to use the Registered Mark and the Facet Marks, and, as such, CT DRIVES breached and failed to honor its written agreement and contract.

83. CT DRIVES' failure to honor the terms of its written agreement constitutes a breach of contract.

///

84. CT DRIVES breach of its contract has caused POSITORK actionable harm.

## COUNT NINE

### Unjust Enrichment & Accounting

### (Against All Defendants)

85. POSITORK hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 84, inclusive, as though fully set forth herein.

86. Defendants, by their conduct, have deprived POSITORK of the value of its property while profiting and benefitting from the use of such property.

87. Defendants have been unjustly enriched to the detriment of POSITORK.

88. POSITORK is entitled to recover damages and to obtain an accounting from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, POSITORK prays for the following relief:

1. An award of damages, including statutory, trebled and/or punitive damages, to be assessed, jointly and severally, against CT DRIVES and DOES I - X; and

2. A temporary, preliminary and permanent injunction restraining the Defendants, together with its officers, employees, agents, successors and assigns or others acting in concert with them, from using the Registered Trademark; and

3. A temporary, preliminary and permanent injunction restraining the Defendants, together with its officers, employees, agents, successors and assigns or others acting in concert with them, from using the Facet Marks; and

4. A temporary, preliminary and permanent injunction restraining the Defendants, together with its officers, employees, agents, successors and assigns or others acting in concert with them, from using images and descriptions of Products; and

5.   An Order requiring the Defendants to account to POSITORK for their profits resulting from their unlawful conduct; and

6.   An Order requiring Defendants to remove all references to the Registered Trademark, the Facet Marks and/or Products from the Offending Website; and

7.   An Order requiring Defendants to destroy all materials bearing or incorporating the Registered Trademark, the Facet Marks and/or images and descriptions of Products; and

8.   An award of attorneys' fees and costs; and

9.   Such other relief as the Court deems just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

Date: March 21, 2011

Respectfully submitted,

NEIL D. GREENSTEIN
TECHMARK

ELLIOTT J. STEIN
STEVENS & LEE, P.C.

By: _____
Attorney for Plaintiff,
POSITORK DISTRIBUTING, INC.