1  Michael G. Ackerman, Esq. (SBN 64997)
   **LAW OFFICES OF MICHAEL G. ACKERMAN**
2  2391 The Alameda, Suite 100
   Santa Clara, CA 95050
3  Telephone: (408) 261-5800
   Facsimile: (408) 261-5900
4

5  Attorneys for Defendant,
   CT DRIVES, LLC, a California
6  limited liability company

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

11  POSITORK DISTRIBUTING, INC., a          )   Case No.: CV11-01346 MEJ
    Delaware corporation,                   )
12                                          )   **FIRST AMENDED ANSWER TO**
                                            )   **COMPLAINT AND FIRST AMENDED**
13                 Plaintiff,               )   **CROSS-CLAIM**
                                            )
14         vs.                              )
                                            )
15  CT DRIVES, LLC, a California limited    )   *Complaint filed March 21, 2011*
    liability company                       )
16                                          )
                   Defendants.              )   **DEFENDANT DEMANDS A JURY**
17  _____)   **TRIAL**

18
        Defendant CT DRIVES, LLC, a California Limited Liability Company, (hereinafter "CT

19  DRIVES"), hereby demands a trial by jury and in answer to the Complaint filed by Plaintiff,

20  POSITORK DISTRIBUTING, INC., against CT DRIVES, LLC, answers, by its attorney, Michael

21  G. Ackerman, by admitting, denying and alleging as follows:

22      1.      Defendant CT DRIVES admits the allegations in paragraphs 1, 2, 3, 4, 6, and 7 of

23  Plaintiff's Complaint.

24      2.      In answer to paragraph 5 of Plaintiff's Complaint, this Defendant admits that this

25  court has personal jurisdiction over Defendant, CT DRIVES because they reside within District and

26  within the State of California.  This Defendant denies committing any of the alleged infringing acts

27  complained of in the Complaint.

28

---

**FIRST AMENDED ANSWER TO COMPLAINT**
**AND FIRST AMENDED CROSS-CLAIM**                          **CV11-01346 MEJ**

3.      In answer to paragraphs 8, 9, 10 and11, this answering Defendant is aware that POSITORK has been in the business of designing, developing and marketing parts and accessories for internal combustion engines, including alternators and starters, together with components and parts therefore.  This answering Defendant does not have sufficient information or belief regarding POSITORK's reputation in the industry nor to the extent to which POSITORK has licensed trademarks from other companies.  This answering Defendant is aware that POSITORK has marketed products under the "Facet"  logo and trademark as well as the "REACTIV" trademark. This answering Defendant is unaware of the ownership or licensing status of the "Facet" trademark or logo.  On this basis, this answering Defendant does not have sufficient information or belief upon which to admit or deny the allegations in paragraph 10 with reference to this specific trademarks at issue in this case.  Defendant denies the allegations in paragraphs 8, 9, 10, and 11 that are not admitted herein.

4.      In answer to paragraph 12 of Plaintiff's Complaint, this answering Defendant does not have sufficient information or belief to admit or deny the allegations in this paragraph and on this basis, denies these allegations.  CT DRIVES does not know whether POSITORK licenses the registered trademarks "Facet" or the nature and extent of said license.  This answering Defendant obtained a license from POSITORK for the use of the "Facet" trademark prior to August 2010.

5.      In answer to paragraph 13 of Plaintiff's Complaint, this answering Defendant does not have sufficient information or belief upon which to admit or deny that POSITORK developed a proprietary line of clutches and decoupler pulleys for use with internal combustion engines and on this basis denies this allegation. This answering Defendant is informed and believes that POSITORK has acted as a sales representative for other manufacturers who designed, developed and manufac-tured clutches and decoupler pulleys for use with internal combustion engines.  CT DRIVES design-ed a decoupler pulley for alternators for internal combustion engines.  CT DRIVES, in turn, licensed Automotive Importing Manufacturing, Inc. to manufacture decoupler pulleys for use with aftermarket alternators.  Automotive Importing Manufacturing, Inc., in turn, manufactured and assembled said alternators and sold them through POSITORK.  POSITORK acted as a sales

///

- 2 -

**FIRST AMENDED ANSWER TO COMPLAINT**
**AND FIRST AMENDED CROSS-CLAIM**                                    **CV11-01346 MEJ**

representative for Automotive Importing Manufacturing, Inc. and CT DRIVES. CT DRIVES paid a commission or royalty upon the sale of the decoupler pulleys to POSITORK.

6.     In answer to the allegations in paragraph 14 of Plaintiff's Complaint, this answering Defendant does not have sufficient information or belief upon which to admit or deny the date upon which POSITORK filed an application for registration of the trademark "REACTIV." Defendant believes that POSITORK has a trademark for the REACTIV name but does not know when the application for registration of the trademark was filed.

7.     This answering Defendant does not have sufficient information or belief upon which to admit or deny the date that the registered trademark was awarded. However, this answering Defendant does not deny that POSITORK has a registered trademark for "REACTIV."

8.     This answering Defendant admits the allegations in paragraph 16.

9.     In answer to paragraph 17, CT DRIVES was formed in July of 2008.

10.    In answer to paragraph 18, this answering Defendant admits that POSITORK entered into a licensing agreement with CT DRIVES for the use of the trademark. CT DRIVES then had Automotive Importing Manufacturing, Inc., assemble, manufacture and test products utilizing the CT DRIVES' design. POSITORK, in turn, would sell such products as the sales representative acting on behalf of Automotive Importing Manufacturing, Inc. and CT DRIVES. POSITORK did not provide the design, specification or test standards for the products in question. POSITORK licensed CT DRIVES and Automotive Importing Manufacturing, Inc. for the use of the name "REACTIV" and "Facet" which was affixed to the products.

11.    This answering Defendant admits the allegations in paragraph 19 of Plaintiff's Complaint.

12.    In answer to paragraph 20 of Plaintiff's Complaint, CT DRIVES placed images on its website of products that were designed and developed by CT DRIVES and then manufactured and assembled under licenses granted by CT DRIVES. CT DRIVES and Automotive Importing Manufacturing, Inc. placed or fixed the trademarks "REACTIV" and "Facet" on said products and on its website under a then existing license with POSITORK. On or about September 1, 2010, Connard Cali orally agreed that CT DRIVES could continue to utilize the POSITORK trademarks

**FIRST AMENDED ANSWER TO COMPLAINT
AND FIRST AMENDED CROSS-CLAIM**                    **CV11-01346 MEJ**

1   until CT DRIVES had sufficient time to remove the trademarks from its website, brochures, other

2   advertising materials and from the products that were then being manufactured and assembled by

3   Automotive Importing Manufacturing, Inc.  Thereafter Automotive Importing Manufacturing, Inc.,

4   without the consent of CT DRIVES and under a separate license with POSITORK, continued the

5   manufacturer and assembly of products designed and developed by CT DRIVES but utilizing the

6   trademarks granted by POSITORK.

7       13.    In answer to paragraph 21 of the Complaint, POSITORK never purchased products

8   from CT DRIVES.  CT DRIVES never assembled, manufactured or tested said products.  Instead,

9   CT DRIVES designed the products which were then manufactured and assembled by Automotive

10  Importing Manufacturing, Inc. and then sold through POSITORK who acted as a sales representative

11  for Automotive Importing Manufacturing, Inc., and Defendant CT DRIVES.  It is admitted that there

12  were negotiations between CT DRIVES and POSITORK.  Defendant admits those negotiations

13  terminated in August of 2010.

14      14.    In answer to paragraph 22, this answering Defendant denies the allegations in

15  paragraph 22 of Plaintiff's Complaint.

16      15.    In answer to paragraph 23, this answering Defendant denies the allegations contained

17  in paragraph 23 of Plaintiff's Complaint.

18      16.    In answer to paragraph 24, this answering Defendant denies the allegations contained

19  in paragraph 24.

20      17.    In answer to paragraph 25, this answering Defendant admits that it continued to use

21  the Facet marks and registered marks on its website and in other promotional materials under an oral

22  license granted by Connard Cali to continue the use of the Facet trademarks for a reasonable period

23  of time to allow CT DRIVES to redesign and reprint its promotional materials, including brochures,

24  and to redesign its website.  Any products that were thereafter manufactured and assembled utilizing

25  the "Facet" trademark were done so under a license with Automotive Importing Manufacturing, Inc.

26      18.    In answer to paragraph 26, this answering Defendant admits that it continued to use

27  the Facet marks and registered marks on its website and in other promotional materials under an oral

28  license granted by Connard Cali to continue the use of the Facet trademarks for a reasonable period

**FIRST AMENDED ANSWER TO COMPLAINT**
**AND FIRST AMENDED CROSS-CLAIM**                                    **CV11-01346 MEJ**

1   of time to allow CT DRIVES to redesign and reprint its promotional materials, including brochures,

2   and to redesign its website.  Any products that were thereafter manufactured and assembled utilizing

3   the "Facet" trademark were done so under a license with Automotive Importing Manufacturing, Inc.

4   This answering Defendant denies the remaining allegations contained in paragraph 26.

5        19.    In answer to paragraph 27, this answering Defendant admits that POSITORK served

6   the written demand attached as Exhibit "D" to the Complaint.  However, this answering Defendant

7   alleges that Connard Cali granted an oral license to continue the use of the Facet trademark to allow

8   CT DRIVES a reasonable period of time to redesign and reprint its promotional materials and to

9   redesign its website.

10        20.    In answer to paragraph 28, CT DRIVES admits that it agreed in writing to cease the

11   use of the Facet marks and registered trademarks but further obtained the oral agreement of Connard

12   Cali that it would have a reasonable period of time thereafter to redesign and reprint its promotional

13   materials and to change its website.

14        21.    In answer to paragraph 29, this answering Defendant denies the allegations in

15   paragraph 29.

16        22.    In answer to paragraph 30, this answering Defendant denies the allegations in

17   paragraph 30.

18        23.    In answer to paragraph 31, this answering Defendant denies the allegations in

19   paragraph 31.

20        24.    In answer to paragraph 32, this answering Defendant denies the allegations in

21   paragraph 32.

22        25.    In answer to paragraph 33, this answering Defendant denies the allegations in

23   paragraph 33.

24        26.    In answer to paragraph 34, this answering Defendant denies the allegations in

25   paragraph 34.

26        27.    In answer to paragraph 35, this answering Defendant denies the allegations contained

27   in paragraph 35.

28   ///

**FIRST AMENDED ANSWER TO COMPLAINT**
**AND FIRST AMENDED CROSS-CLAIM**                 **CV11-01346 MEJ**

28.     In answer to paragraph 36, this answering Defendant denies the allegations in paragraph 36.

29.     In answer to paragraph 37, this answering Defendant denies the allegations contained in paragraph 37.

30.     In answer to the allegations in paragraph 38, this answering Defendant realleges and incorporates herein by reference all of the admissions, denials and allegations set forth above in paragraphs 1-28 as though fully set forth herein.

31.     This answering Defendant admits the allegations in paragraph 39.

32.     This answering Defendant admits the allegations in paragraph 40.

33.     This answering Defendant denies the allegations in paragraph 41.

34.     This answering Defendant denies the allegations in paragraph 42.

35.     This answering Defendant denies the allegations in paragraph 43.

36.     This answering Defendant denies the allegations in paragraph 44.

37.     This answering Defendant admits the allegations in paragraph 45.  This answering Defendant is willing to stipulate that the Court may enter an injunction prohibiting CT DRIVES from affixing the "Facet" and/or "REACTIV" trademarks or logos to any products designed, developed, manufactured, assembled or sold by CT DRIVES or under license by CT DRIVES and that CT DRIVES shall not use said trademarks or logos in any of its promotional materials or on its website.

38.     In answer to paragraph 46, this answering Defendant realleges and incorporates herein by reference all of the allegations set forth in paragraph 1-36 as though fully set forth herein.

39.     In answer to paragraph 47, this answering Defendant admits the allegations contained therein.

40.     This answering Defendant admits the allegations in paragraph 48.

41.     This answering Defendant denies the allegations in paragraph 49.

42.     This answering Defendant denies the allegations in paragraph 50.

43.     This answering Defendant denies the allegations in paragraph 51.

///

///

- 6 -

**FIRST AMENDED ANSWER TO COMPLAINT**
**AND FIRST AMENDED CROSS-CLAIM**                                          **CV11-01346 MEJ**

44.     In answer to paragraph 52, this answering Defendant realleges and incorporates herein by reference all of the allegations set forth in paragraphs 1-44 set forth above as though fully set forth herein.

45.     In answer to paragraph 53, this answering Defendant denies the allegations contained therein.

46.     In answer to paragraph 54, this answering Defendant denies the allegations contained therein.

47.     In answer to paragraph 55, this answering Defendant denies the allegations contained therein.

48.     In answer to paragraph 56, this answering Defendant denies the allegations contained therein.

49.     In answer to paragraph 57, this answering Defendant denies the allegations contained therein.

50.     In answer to paragraph 58, this answering Defendant denies the allegations contained therein.

51.     In answer to paragraph 59, this answering Defendant denies the allegations contained therein.

52.     This answering Defendant realleges and incorporates herein by reference all of the allegations set forth in paragraphs 1-51, as though fully set forth herein.

53.     In answer to paragraph 61, this answering Defendant denies the allegations contained therein.

54.     In answer to paragraph 62, this answering Defendant denies the allegations contained therein.

55.     In answer to paragraph 63, this answering Defendant realleges and incorporates herein by reference all of the allegations set forth in paragraphs 1-54 as though fully set forth herein.

56.     In answer to the allegations contained paragraph 64, this answering Defendant denies the allegations contained therein.

57.     This answering Defendant denies the allegations contained paragraph 65.

**FIRST AMENDED ANSWER TO COMPLAINT**
**AND FIRST AMENDED CROSS-CLAIM**                                    **CV11-01346 MEJ**

58.     This answering Defendant denies the allegations contained paragraph 66.

59.     This answering Defendant denies the allegations contained paragraph 67.

60.     This answering Defendant denies the allegations contained in paragraph 68.

61.      This answering Defendant realleges and incorporates herein by reference all of the allegations set forth above in paragraphs 1-60 as though fully set forth herein.

62.     This answering Defendant admits the allegations in paragraph 70.

63.     This answering Defendant denies the allegations in paragraph 71.

64.     This answering Defendant denies the allegations in paragraph 72.

65.     This answering Defendant realleges and incorporates herein by reference all of the allegations set forth in paragraphs1-64 set forth above as though fully set forth herein.

66.     In answer to paragraph 74, this answering Defendant denies all of the allegations contained therein.

67.     In answer to paragraph 75, this answering Defendant denies all the allegations contained therein.

68.     In answer to paragraph 76, this answering Defendant denies all the allegations contained therein.

69.     In answer to paragraph 77, this answering Defendant denies all the allegations contained therein.

70.     In answer to paragraph 78, this answering Defendant denies all the allegations contained therein.

71.     In answer to paragraph 79, this answering Defendant denies all the allegations contained therein.

72.     In answer to paragraph 80, this answering Defendant reallges and incorporates herein by reference all of the allegations set forth in paragraphs 1-71 as though fully set forth herein.

73.     In answer to paragraph 81, this answering Defendant admitted that it entered into an agreement to cease all further use of the registered mark and Facet marks subject to CT DRIVES having a reasonable period of time to redesign and republish its marketing and promotional materials and to change its website.

**FIRST AMENDED ANSWER TO COMPLAINT**
**AND FIRST AMENDED CROSS-CLAIM**                                    **CV11-01346 MEJ**

74.     In answer to paragraph 82, this answering Defendant denies all of the allegations contained therein.

75.     In answer to paragraph 83, this answering Defendant denies all of the allegations contained therein.

76.     In answer to paragraph 84, this answering Defendant denies all of the allegations contained therein.

77.     In answer to paragraph 85, this answering Defendant realleges and incorporates herein by reference all of the allegations set forth in paragraphs 1-76 set forth above as though fully set forth herein.

78.     In answer to paragraph 86, this answering Defendant denies all of the allegations contained in paragraph 86.

79.     This answering Defendant denies all of the allegations in paragraph 87.

80.     This answering Defendant denies all of the allegations contained in paragraph 88.

## AS AND FOR AN ADDITIONAL MATTER, THIS ANSWERING DEFENDANT RAISES THE FOLLOWING AFFIRMATIVE DEFENSES:

1.     As and for a further, separate and distinct answer and affirmative defense to the Complaint on file herein and to each claim for relief purportedly set forth therein, this answering Defendant alleges that the Complaint and each claim for relief therein does not state sufficient facts to constitute a claim for relief against this answering Defendant.

2.     As a further separate and distinct answer and affirmative defense, this answering Defendant alleges that their conduct was not in fact a legal or proximate cause of any damages or loss alleged by Plaintiffs.  Any loss or damages allegedly sustained by Plaintiffs was caused by Automotive Importing Manufacturing, Inc., an entity separate and apart from this answering Defendant.

3.     As and for a further,  separate and distinct answer and affirmative defense, this answering Defendant alleges that Plaintiff is barred from making the claims plead in its Complaint by reason of their own wrongdoing and unclean hands.  Specifically Connard Cali was acting as the

**FIRST AMENDED ANSWER TO COMPLAINT
AND FIRST AMENDED CROSS-CLAIM**                                    **CV11-01346 MEJ**

chief sales and marketing officer of CT DRIVES and while acting in this capacity was also the owner and principal of Plaintiff POSITORK.  Connard Cali breached his fiduciary duties to each of the corporate entities by making demands of CT DRIVES which he knew as the chief sales and marketing officer for CT DRIVES could not be complied with.  Further, Connard Cali verbally agreed to an extension of the licensing agreement for the use of the trademarks and logos licensed by Plaintiff for a reasonable period of time to allow CT DRIVES to redesign and republish its promotional materials and to change its website.

WHEREFORE, Defendant prays as follows:

1.      That judgment be entered in favor of Defendants and that Plaintiffs take nothing;

2.      For reasonable attorneys' fees incurred in defense of this action;

3.      For costs of suit; and

4.      For such other and further relief as the Court may deems proper and appropriate.

DATED: May 9, 2011                                LAW OFFICES OF
                                                  MICHAEL G. ACKERMAN


                                                   /s/ *MICHAEL G. ACKERMAN*
                                          By:     _____
                                                  MICHAEL G. ACKERMAN, ESQ.
                                                  Attorneys for Defendant/ Cross-claimant,
                                                  CT DRIVES, LLC, a California limited
                                                  liability company

///

///

///

///

- 10 -

**FIRST AMENDED ANSWER TO COMPLAINT**
**AND FIRST AMENDED CROSS-CLAIM**                          **CV11-01346 MEJ**

**CROSS-CLAIMS OF CT DRIVES, LLC.**

Defendant and Cross-claimant CT DRIVES, LLC alleges as follows:

1.      CT DRIVES, LLC is a California limited liability company formed in July of 2008 with its principal place of business in Los Gatos, California.

2.      Cross-defendant AUTOMOTIVE IMPORTING MANUFACTURING, INC., is a California corporation with is principal place of business at 3920 Security Park, Rancho Cordova, California.  Beginning in August of 2010 CT DRIVES licensed AUTOMOTIVE IMPORTING MANUFACTURING, INC., to manufacture and assemble pulleys to be resold as "aftermarket" products in the automotive industry.  Cross-claimant is informed and believes and thereon alleges that AUTOMOTIVE IMPORTING MANUFACTURING, INC., obtained a license from Plaintiff POSITORK for use of the POSITORK trademarks "Facet" and "REACTIV."

3.      Beginning in August of 2010, AUTOMOTIVE IMPORTING MANUFACTURING, INC., manufactured and assembled pulleys under license with CT DRIVES but utilizing the "Facet" and "REACTIV" trademarks under license with POSITORK.

4.      In or about August of 2010, CT DRIVES notified Applied Automotive Manu-facturing, Inc. that it could no longer utilize the POSITORK trademarks of "Facet" and "REACTIV" on the pulleys manufactured and assembled by AUTOMOTIVE IMPORTING MANUFACTURING, INC. under license from CT DRIVES.  Cross-claimant is informed and believes and thereon alleges that Cross-defendant AUTOMOTIVE IMPORTING MANUFACTURING, INC., thereafter manu-factured and assembled pulleys utilizing the "Facet" and "REACTIV" trademarks without the consent of CT DRIVES and acting under its own license with POSITORK.

5.      POSITORK has sued CT DRIVES for the alleged use of the POSITORK trademarks on CT DRIVES' products.  Any products that were manufactured assembled and/or sold on or after September 1, 2010, utilizing the POSITORK trademarks of "Facet" and "REACTIV" were manufactured, assembled and sold by AUTOMOTIVE IMPORTING MANUFACTURING, INC., without the consent of CT DRIVES.

6.      If Cross-claimant is held liable on the Complaint, such liability will not be based upon any conduct or wrongdoing on the part of Cross-claimant but will arise solely as a result of the acts

**FIRST AMENDED ANSWER TO COMPLAINT**
**AND FIRST AMENDED CROSS-CLAIM**                                    **CV11-01346 MEJ**

or omissions of AUTOMOTIVE IMPORTING MANUFACTURING, INC., and it employees, agents or representatives.  Cross-claimant alleges that any damages sustained by Plaintiff, if any there are, were caused solely by the wrongful acts or omissions of said Cross-defendants, and each of them, and that Cross-claimant's liability, if any there is, is vicarious, secondary, passive or derivative in nature only.  By reason of the foregoing, Cross-claimant is entitled to comparative equitable indemnity from Cross-defendants for any damages Plaintiff may recover from Cross-claimant and for any and all sums expended by Cross-claimant to settle any claims asserted in the Complaint, for any sum awarded in a judgment against Cross-claimant, as well as all costs, expenses, attorneys fees, expert fees and any other damages sustained by Cross-claimant in defending the afore-mentioned Complaint.

WHEREFORE, Cross-claimant prays for judgment against Cross-defendants as follows:

1. For indemnity for all attorneys' fees, costs, and expenses incurred in this matter, as well as indemnification for any amount that Cross-claimant, CT DRIVES, is held liable to Plaintiff on the Complaint;

2. A declaration from the Court that Cross-defendants are obligated to defend and indemnify Cross-claimant against any and all damages, judgments and/or other awards that may be recovered against Cross-claimant as a result of the action filed by POSITORK;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem proper under the premises.

DATED: May 9, 2011

LAW OFFICES OF
MICHAEL G. ACKERMAN

By:  /s/ *MICHAEL G. ACKERMAN*
_____
MICHAEL G. ACKERMAN, ESQ.
Attorneys for Defendant/ Cross-claimant,
CT DRIVES, LLC, a California limited
liability company

C:\MyDocs\CTDrives\Positork\Answr2Complt.1stAmd.wpd

- 12 -

**FIRST AMENDED ANSWER TO COMPLAINT**
**AND FIRST AMENDED CROSS-CLAIM**                          **CV11-01346 MEJ**

**PROOF OF SERVICE**

The undersigned declares:

I am a citizen of the United States and a resident of Santa Clara County, State of California.  I am over the age of eighteen (18) years and not a party to the within above-entitled action.  My business address is 2391 The Alameda, Suite 100, Santa Clara, CA 95050.

On May 9, 2011, I electronically filed the following document attached hereto:

- **FIRST AMENDED ANSWER TO COMPLAINT AND FIRST AMENDED CROSS-CLAIM;**

with the Clerk of the Court, which will send notification of such filing to the counsel of record in this matter who are registered on the systems, as listed below:

> Neil D. Greenstein, Esq.
> Techmark
> ndg@techmark.com
>
> (Attorneys for Plaintiff, POSITORK
> DISTRIBUTING, INC.)

and on the interested party in this action by placing true copies thereof in a sealed envelope addressed to the person(s) listed below:

> Elliott J. Stein, Esq.
> Stevens & Lee, P.C.
> 100 Lenox Drive, Suite 200
> Lawrenceville, NJ  08648
> (Attorneys for Plaintiff, POSITORK
> DISTRIBUTING, INC.)

(X)    **(By U.S. Mail)**  I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after dated of deposit for mailing in affidavit.  I caused to be deposited such envelope(s) with postage thereon fully paid to be placed in the United States Mail at Santa Clara, California.

(X)   **(Federal Only)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

- 13 -

1    I declare under penalty of perjury under the laws of the State of California that the foregoing

2 is true and correct and that this declaration was executed in the City of Santa Clara, State of

3 California on May 9, 2011.

4

5    By: _____
                              /s/ *Cami J. Smurphat*

6                              CAMI J. SMURPHAT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED ANSWER TO COMPLAINT**
**AND FIRST AMENDED CROSS-CLAIM**                                   **CV11-01346 MEJ**