Neil D. Greenstein, Esq. (SBN 123980)
TECHMARK
1917 Palomar Oaks Way, Suite 300
Carlsbad, CA 92008
(408) 280-2228 ext. 303
ndg@techmark.com

Elliott J. Stein, Esq. (SBN 119153)
STEVENS & LEE, P.C.
100 Lenox Drive, Suite 200
Lawrenceville, NJ 08648
(609) 987-7050
ejs@stevenslee.com

**Attorneys for Plaintiff**
POSITORK DISTRIBUTING, INC.
      and
**Attorneys for Cross-Claim Defendant**
AUTOMOTIVE IMPORTING MANUFACTURING, INC.


Michael G. Ackerman, Esq. (SBN 64997)
LAW OFFICES OF MICHAEL G. ACKERMAN
2391 The Alameda, Suite 100
Santa Clara, CA 95050
Telephone: (408) 261-5800
Facsimile: (408) 261 5900

**Attorneys for Defendant and Cross-Claim Plaintiff**
CT DRIVES, LLC, a California
limited liability company

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **POSITORK DISTRIBUTING, INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**CT DRIVES, LLC**, a California limited | Civil Action No.: CV11-01346 –SBA<br><br><br><br><br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

-1-

| | |
|---|---|
| liability company and DOES I through X, inclusive, </br></br>    Defendants. </br></br> **CT DRIVES, LLC**, a California limited liability company, </br></br>    Cross-Claim Plaintiff, </br></br> v. </br></br> **AUTOMOTIVE IMPORTING MANUFACTURING, INC.**, a California Corporation, </br></br>    Cross-Claim Defendant. | Date: September 28, 2011 </br> Time: 3:45 p.m. </br> Judge: Hon. Saundra Brown Armstrong </br> Courtroom: None (Telephonic) |

The Plaintiff, Positork Distributing, Inc. ("POSITORK") and Cross-Claim Defendant Automotive Importing Manufacturing, Inc. ("AIM") by their attorneys, TECHMARK (by Neil D. Greenstein, Esq.) and STEVENS & LEE, P.C. (by Elliott J. Stein, Esq.) and Defendant and Cross-Claim Plaintiff CT Drives, LLC ("CT") by its attorneys, LAW OFFICES OF MICHAEL G. ACKERMAN (by Michael G. Ackerman, Esq.) submit this Joint Case Management Statement pursuant to Civil Local Rule 16-9.

1. Jurisdiction and Service:  The Court has jurisdiction over this action under the trademark laws of the United States, particularly, 15 U.S.C. § 1121 et seq. and under 28 U.S.C. §§ 1338 (a) and (b) and under the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).  All of the parties have been served and there are no issues regarding personal jurisdiction or venue.

2. Facts:  The facts alleged by the parties are as follows:

A. <u>Facts alleged by Plaintiff POSITORK</u>:

POSITORK has, since 2004, been in the business of designing, developing and marketing parts and accessories for internal combustion engines, including, alternators and starters and components of and parts used with such items. POSITORK has marketed such products using licensed trademarks and trademarks that it owns. The licensed trademarks include an exclusive license to the registered trademarks "FACET" (U.S. Reg. No. 1,148,543) and the FACET logo (U.S. Reg. No. 1,165,986; collectively, the "Facet Marks") and the Registered Trademark "REACTIV" (U.S. Reg. No. 3,486,479) which POSITORK owns. In or about 2008, POSITORK developed a proprietary line of clutches and decoupler pulleys for use with alternators for internal combustion engines (the "Products") and entered into an agreement with CT whereby CT would assemble, manufacture and test the Products for POSITORK. POSITORK would then sell the Products to its (POSITORK's) customers, including AIM. As part of this arrangement, POSITORK authorized CT to affix both the Facet Marks and the trademark "REACTIV" to the Products to be assembled, manufactured and tested by CT for POSITORK. POSITORK also prepared promotional materials (the "Materials") for the Products that displayed the Facet Marks and the Registered Trademark "REACTIV". Throughout the early part of 2010, POSITORK and CT attempted to renegotiate the arrangement for the assembly, manufacture and testing of the POSITORK's Products. Those negotiations failed in the Summer of 2010. POSITORK then learned that CT was displaying the Facet Marks and the POSITORK's Registered Trademark "REACTIV" on its website and was displaying and distributing POSITORK's Materials without POSITORK's

09/16/2011 SL1 1099259v2 050265.00004

authorization and to market competitive products. On September 1, 2010, POSITORK demanded, in writing, that CT cease all use of the Facet Marks and the Registered Trademark "REACTIV" and the Materials. On September 8, 2010, CT agreed, in writing, to cease such use but continued both to display the Facet Marks and the registered trademark "REACTIV" on its website and to use the Materials that also displayed the Facet Marks and the Registered Trademark "REACTIV". This action was commenced in March 2011. In this action, POSITORK has asserted claims against CT (and certain Doe Defendants) for (i) trademark infringement; (ii) counterfeiting of a federally registered trademark; (iii) unfair competition under 15 U.S.C. § 1125(a); (iv) false advertising under California law (Cal. Bus. & Prof. Code § 17500, § 17535); (v) unfair competition under California law (Cal. Bus. & Prof. Code § 17200); (vi) common law trademark infringement; (vii) common law unfair competition; (viii) breach of contract by CT; and (ix) unjust enrichment.

B. Facts alleged by Defendant and Cross-Claim Plaintiff CT:

POSITORK entered into a licensing agreement with CT DRIVES for the use of the trademark "REACTIV." CT DRIVES then had Automotive Importing Manufacturing, Inc., assemble, manufacture and test products utilizing the CT DRIVES' design. POSITORK, in turn, would sell such products as the sales representative acting on behalf of Automotive Importing Manufacturing, Inc. and CT DRIVES. POSITORK did not provide the design, specification or test standards for the products in question. POSITORK licensed CT DRIVES and Automotive Importing Manufacturing, Inc. for the use of the name "REACTIV" and "Facet" which was affixed to the products. In answer to paragraph 20 of Plaintiff's

-4-

Complaint, CT DRIVES placed images on its website of products that were designed and developed by CT DRIVES and then manufactured and assembled under licenses granted by CT DRIVES. CT DRIVES and Automotive Importing Manufacturing, Inc. placed or fixed the trademarks "REACTIV" and "Facet" on said products and on its website under a then existing license with POSITORK. On or about September 1, 2010, Connard Cali orally agreed that CT DRIVES could continue to utilize the POSITORK trademarks until CT DRIVES had sufficient time to remove the trademarks from its website, brochures, other advertising materials and from the products that were then being manufactured and assembled by Automotive Importing Manufacturing, Inc. Thereafter Automotive Importing Manufacturing, Inc., without the consent of CT DRIVES and under a separate license with POSITORK, continued the manufacturer and assembly of products designed and developed by CT DRIVES but utilizing the trademarks granted by POSITORK.

C. <u>Facts alleged by Cross-Claim Defendant AIM</u>:

Sometime after POSITORK developed a proprietary line of clutches and decoupler pulleys for use with alternators for internal combustion engines (the "Products"), AIM became a customer for such Products. Prior to August 2010, AIM purchased such Products from CT bearing trademarks including the Registered Trademarks "FACET" (U.S. Reg. No. 1,148,543) and the FACET logo (U.S. Reg. No. 1,165,986; collectively, the "Facet Marks") and the Registered Trademark "REACTIV" (U.S. Reg. No. 3,486,479). AIM was not responsible for obtaining any license to such trademarks. Rather, AIM was a purchaser of finished Products. In its Cross-Claim, CT seeks an indemnity from AIM for damages that it may owe to POSITORK and a

declaration that AIM is required to defend CT against POSITORK's claims for infringement and unfair competition. AIM denies that it has any obligation to defend or indemnify CT for any damages that it owes POSITORK own wrongdoing.

3. <u>Legal Issues</u>:

   A. <u>Legal Issues identified by Plaintiff POSITORK</u>:

   CT's liability for: (i) trademark infringement; (ii) counterfeiting of a federally registered trademark; (iii) unfair competition under 15 U.S.C. § 1125(a); (iv) false advertising under California law (Cal. Bus. & Prof. Code § 17500, § 17535); (v) unfair competition under California law (Cal. Bus. & Prof. Code § 17200); (vi) common law trademark infringement; (vii) common law unfair competition; (viii) breach of contract by CT; and (ix) unjust enrichment. Issues related to damages as to the foregoing, including statutory, trebled and/or punitive damages; injunctive relief; an accounting; an order requiring CT to destroy materials bearing POSITORK's licensed and owned trademarks; attorneys' fees and costs.

   B. <u>Legal Issues identified by Defendant and Cross-Claim Plaintiff CT</u>:

   Whether Defendants use of the trademark was extended by an oral agreement; whether Plaintiff can prove any actual damages; whether Plaintiff elects to pursue statutory damages and if so the amount for each "infringement"; whether Plaintiff can prove that the infringement was "malicious, fraudulent, deliberate or willful" so as to provide a basis for an award of attorneys fees under the Lanham Act.

   C. <u>Legal Issues identified by Cross-Claim Defendant AIM</u>:

   AIM's obligation to defend and/or indemnify CT against claims by POSITORK; CT's obligation to reimburse AIM's attorneys' fees and costs.

-6-

4. <u>Motions</u>:

   A. <u>Motions anticipated by Plaintiff POSITORK</u>: Motion to amend complaint; motion for Summary Judgment as to liability of CT.

   B. <u>Motions anticipated by Defendant and Cross-Claim Plaintiff CT</u>: Motion to withdraw by counsel for Defendant.

   C. <u>Motions anticipated by Cross-Claim Defendant AIM</u>: Motion for Summary Judgment as to all claims against AIM.

5. <u>Amendment of Pleadings</u>:

   A. <u>Amendments by Plaintiff POSITORK</u>: Plaintiff POSITORK anticipates filing the following amendments: Amended Complaint to add new parties, add claims for copyright infringement against CT and add claims for infringement, contributory infringement and inducement to infringe (and other related claims) against CT's Manager, Wayne Higashi.

   B. <u>Amendments by Defendant and Cross-Claim Plaintiff CT</u>: None at this time.

   C. <u>Amendments by Cross-Claim Defendant AIM</u>: None at this time.

6. <u>Evidence Preservation</u>: The Parties have taken steps to ensure appropriate preservation of evidence.

7. <u>Disclosures</u>: The Parties anticipate exchanging Rule 26(a) Initial Disclosures before the date of the Case Management Conference.

8. <u>Discovery</u>: No discovery has been taken to date. The Parties do <u>not</u> anticipate requiring leave to conduct discovery in excess of that generally allowed by the Federal Rules of Civil Procedure and the Civil Local Rules.

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>: None at present.

11. <u>Relief</u>:

   A. <u>Relief sought by Plaintiff POSITORK</u>:

   POSITORK seeks damages, including statutory, trebled and/or punitive damages, injunctive relief; an accounting; an order requiring CT to destroy materials bearing POSITORK's licensed and owned trademarks; attorneys' fees and costs.

   B. <u>Relief sought by Defendant and Cross-Claim Plaintiff CT</u>:

   Indemnify for attorneys fees incurred to defend this action and any judgment rendered in favor of Plaintiff.

   C. <u>Relief sought by Cross-Claim Defendant AIM</u>:

   AIM seeks the dismissal of the Cross-Claim, costs and reasonable attorneys' fees from Defendant and Cross-Claim Plaintiff CT.

12. <u>Settlement and ADR</u>: The Plaintiff POSITORK and the Defendant CT participated in an ADR Phone Conference on June 28, 2011. Cross-Claim Defendant AIM has not yet participated in the ADR process. The Parties have yet to engage in substantive settlement discussions or ADR except as to an agreed permanent injunction.

13. <u>Consent to Magistrate Judge for All Purposes</u>: The Parties do not consent to use of a U.S. Magistrate Judge for all purposes.

14. <u>Other References</u>: None at this time.

15. <u>Narrowing of Issues</u>: None at this time.

16. <u>Expedited Schedule</u>: The Parties have set out a proposed schedule in Section 17.

17. <u>Scheduling</u>:

   A. The Plaintiff POSITORK and the Cross-Claim Defendant propose the following schedule, subject to the Court's calendar:

-8-

| | | |
|---|---|---|
| a. | Deadline for exchange of Initial Disclosures: | September 28, 2011 |
| b. | Close of fact discovery: | December 30, 2011 |
| c. | Initial expert reports to be exchanged: | January 16, 2012 |
| d. | Rebuttal expert reports to be exchanged: | February 24, 2012 |
| e. | Close of expert discovery: | March 16, 2012 |
| f. | Last day to notice dispositive motions: | April 2, 2012 |
| g. | Hearing on dispositive motions: | May 7, 2012 |
| h. | Pretrial Conference: | May 2012 |
| i. | Trial: | May/June 2012 |

B. The Defendant and Cross-Claim Defendant proposes the following schedule, subject to the Court's calendar:

| | | |
|---|---|---|
| a. | Deadline for exchange of Initial Disclosures: | September 28, 2011 |
| b. | Close of fact discovery: | February 24, 2012 |
| c. | Initial expert reports to be exchanged: | March 16, 2012 |
| d. | Rebuttal expert reports to be exchanged: | April 27, 2012 |
| e. | Close of expert discovery: | May 18, 2012 |
| f. | Last day to notice dispositive motions: | June 1, 2012 |
| g. | Hearing on dispositive motions: | July 6, 2012 |
| h. | Pretrial Conference: | July 2012 |
| i. | Trial: | August 2012 |

18. <u>Trial</u>: The Parties have requested a jury trial. Plaintiff POSITORK and Cross-Claim Defendant AIM anticipate that their case(s) will fill 3-5 full days. Defendant and Cross-Claim Plaintiff CT anticipates that its case will fill 3 full days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:

A. Plaintiff POSITORK filed such disclosure on March 21, 2011.

B. Defendant and Cross-Claim Plaintiff will file such disclosure in 10 days.

C. Cross-Claim Defendant AIM made such disclosures on June 22, 2011

20. <u>Other Matters that May Facilitate</u>: None at this time.

Dated: September 16, 2011

Respectfully submitted,

/s/ *Neil D. Greenstein.*

Neil D. Greenstein, Esq. (SBN 123980)
TECHMARK
1917 Palomar Oaks Way, Suite 300
Carlsbad, CA 92008
(408) 280-2228 ext. 303
ndg@techmark.com
--and--

/s/ *Elliott J. Stein*

Elliott J. Stein (CA Bar No. 119153)
STEVENS & LEE, P.C.
100 Lenox Drive, Suite 200
Lawrenceville, NJ 08648
(609) 243-9111

**Attorneys for Plaintiff and Cross-Claim Defendant**

--and—

/s/ *Michael G. Ackerman*

Michael G. Ackerman, Esq. (SBN 64997)
LAW OFFICES OF MICHAEL G. ACKERMAN
2391 The Alameda, Suite 100
Santa Clara, CA 95050
Telephone: (408) 261-5800
Facsimile: (408) 261 5900

**Attorneys for Defendant and Cross-Claim Plaintiff**

-10-

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:

A. Plaintiff POSITORK filed such disclosure on March 21, 2011.

B. Defendant and Cross-Claim Plaintiff will file such disclosure in 10 days.

C. Cross-Claim Defendant AIM made such disclosures on June 22, 2011

20. <u>Other Matters that May Facilitate</u>: None at this time.

Dated: September 16, 2011

Respectfully submitted,

/s/ *Neil D. Greenstein.*

Neil D. Greenstein, Esq. (SBN 123980)
TECHMARK
1917 Palomar Oaks Way, Suite 300
Carlsbad, CA 92008
(408) 280-2228 ext. 303
ndg@techmark.com
--and--

/s/ *Elliott J. Stein*

Elliott J. Stein (CA Bar No. 119153)
STEVENS & LEE, P.C.
100 Lenox Drive, Suite 200
Lawrenceville, NJ 08648
(609) 243-9111

**Attorneys for Plaintiff and Cross-Claim Defendant**

--and—

Michael G. Ackerman, Esq. (SBN 64997)
LAW OFFICES OF MICHAEL G. ACKERMAN
2391 The Alameda, Suite 100
Santa Clara, CA 95050
Telephone: (408) 261-5800
Facsimile: (408) 261 5900

**Attorneys for Defendant and Cross-Claim Plaintiff**

-10-