1   Neil D. Greenstein (SBN 123980)
2   TECHMARK
    1917 Palomar Oaks Way, Suite 300
3   Carlsbad, CA 92008
    (408) 280-2228, X303
4

5   Elliott J. Stein (SBN 119153)
    STEVENS & LEE, P.C.
6   100 Lenox Drive, Suite 200
    Lawrenceville, New Jersey 08648
7   (609) 243-9111

8   Attorney for Plaintiff, POSITORK DISTRIBUTING, INC.

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  POSITORK DISTRIBUTING, INC., a<br>Delaware corporation,<br>13<br>14              Plaintiff,<br>15  v.<br>16  CT Drives, LLC, a California limited liability<br>17  company, and DOES I through X, inclusive,<br>18              Defendant. | Civil Action No.: 11-CV-01346 SBA<br><br>**NOTICE OF MOTION, MOTION, AND<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES BY PLAINTIFF<br>POSITORK DISTRIBUTING, INC.<br>FOR LEAVE TO FILE A FIRST<br>AMENDED COMPLAINT PURSUANT<br>TO RULE 15(a)** |
| 19  CT DRIVES, LLC, a California limited liability<br>20  company,<br>21       3rd Party Plaintiff/Cross-Claimant,<br>22  v.<br>23  AUTOMOTIVE IMPORTING<br>24  MANUFACTURING, INC., a California<br>25  corporation,<br>26       3rd Party Def/Cross-Defendant. | Hearing Date:  March 13, 2012<br>Hearing Time: 1:00 p.m.<br>Courtroom:     Oakland Courthouse<br>                      Courtroom 1 - 4th Floor |

27

28

## NOTICE OF MOTION AND MOTION

**TO THE HONORABLE SAUNDRA BROWN ARMSTRONG AND ALL COUNSEL OF RECORD:**

      **PLEASE TAKE NOTICE** that on Tuesday, March 13, 2012, at 1:00 p.m., or as soon thereafter as counsel may be heard, Plaintiff, Positork Distributing Inc., shall move before the Honorable Saundra Brown Armstrong, United States District Judge, at the Ronald V. Dellums Federal Building & United States Courthouse, Courtroom 1, Fourth Floor, 1301 Clay Street, Oakland, CA 94612, pursuant to Federal Rule of Civil Procedure 15(a), for leave to file a First Amended Complaint in the form submitted herewith.

      If the motion is granted, the First Amended Complaint would add claims for copyright infringement and related claims and add three (3) additional Defendants, all of whom are related to the original defendant CT Drives LLC.

      Plaintiff relies on the following Memorandum of Points and Authorities. A proposed order is also filed herewith.

## CERTIFICATE OF MEET AND CONFER COMPLIANCE

      Pursuant to the Court's July 1, 2011 Standing Orders, where Plaintiff's counsel, Elliott Stein telephonically and by email met and conferred with CT Drives counsel, Michael Ackerman.  No resolution of this motion was reached.

## MEMORANDUM OF POINTS AND AUTHORITIES

      Positork Distributing, Inc. ("Positork") moves the Court, pursuant Rule 15(a) of the Federal Rules of Civil Procedure ("FRCP"), for leave to file a First Amended Complaint, a proposed form of which is attached hereto as Exhibit A.  Positork asks that the Motion be granted as there was no undue delay or bad faith exercised in bringing the Motion and no

/ / /

prejudice will befall the existing or newly-added parties as a result of the assertion of the meritorious claims contained in the First Amended Complaint.

# I.      PROCEDURAL BACKGROUND.

Positork initiated this civil action against Defendants CT Drives, LLC ("CT Drives") and Does I through X on March 21, 2011.  (Docket No. 1, Compl.)  The Complaint included nine counts: (1) Infringement of Federally Registered Trademark, (2) Counterfeiting of Federally Registered Trademark, (3) Federal Unfair Competition in Violation of 15 U.S.C. § 1125(a), (4) False Advertising under Cal. Bus. & Prof. Code §§ 17500, 17535 (against CT Drives only), (5) Unfair Competition under Cal. Bus. & Prof. Code § 17200, (6) Common Law Trademark Infringement, (7) Common Law Unfair Competition, (8) Breach of Contract (against CT Drives only), and (9) Unjust Enrichment and Accounting.

CT Drives filed a First Amended Answer and Cross-Claim on May 9, 2011, and alleged a cross-claim against third party defendant Automotive Import Manufacturing, Inc. ("AIM"). (Docket No. 8.)  AIM filed its Answer to the Amended Cross-Claim on June 22, 2011.  (Docket No. 19.)

The parties submitted their Joint Case Management Statement[1] to the Court on September 16, 2011.  (Docket No. 23.)  The Court held a telephonic Case Management Conference on September 28, 2011.[2]  The Case Management Conference was continued until February 22, 2012. (Docket No. 26.)  The parties have not yet engaged in discovery.

/ / /

/ / /

---

[1]  Positork noted its desire to file an amended complaint in the Joint Case Management Conference.

[2]   The Court set October 25, 2011 as the deadline for the filing of a motion to amend in its Civil Case Management Conference Minutes. (Docket No. 26.)

## II.     FACTS ALLEGED IN THE COMPLAINT.

Positork has been in the business of designing, developing, and marketing parts and accessories for internal combustion engines, such as alternators, starters, and components, since January 2004.  (Compl.¶ 8.)  It has a well-recognized reputation for delivering innovative and quality products, which are purchased by both original equipment manufacturers and replacement part purchasers.  (Compl.¶ 9.)  Positork developed and marketed its products under self-owned and licensed trademarks, which purchasers associated with Positork.  (Compl.¶ 10.)  Positork's trademarks include "FACET," for which it is the exclusive licensee, and "REACTIV" (U.S. Registered Trademark No. 3,486,479) which it owns (collectively, the "Trademarks").

Defendant CT Drives was formed in May 2008, after which CT Drives and Positork entered into an agreement whereby CT Drives would manufacture, assemble, and test products for Positork.  (Compl. ¶¶ 17–18.)  The Agreement provided for CT Drives' authorized use and display of the Trademarks only on products sold to Positork.  (Compl.¶ 19.)  During this time, CT Drives placed images of Positork's products and trademarks on its website, www.ct-drives.com.  (Compl. ¶ 20.)

In August 2010, attempts by CT Drives and Positork to renegotiate their agreement failed. (Compl. ¶ 21.)  CT Drives was required to cease manufacturing, assembling, testing, and selling Positork's products.  (*Id*.)  Unfortunately, CT Drives did not cease as it had agreed and was legally obligated to do.

Without Positork's authorization, CT Drives continued to use Positork's trademarks to sell counterfeit products, which it labeled and packaged as though they were Positork products. (Compl.¶ 24.)  It used "bait and switch" tactics in an effort to divert business away from Positork. (Compl. ¶ 25–26.)  CT Drives continued to use the trademarks, images, descriptions of Positork's products, and brochures and sales presentations prepared by Positork to divert

business from Positork's existing and potential customers and to sell counterfeit products to them.  (Compl. ¶¶ 29–30.)[3]  When CT Drives ignored Positork's demands that CT Drives cease using the Trademarks and other proprietary items, Positork brought this action.

Since filing the Complaint, Positork has registered its copyright in some of its proprietary materials and learned of additional wrongful conduct by CT Drives, its sole Manager, Wayne Higashi ("Higashi"), and two entities that Higashi completely controls: Innovative Technologies Licensing and Management Corporation and ES Design, LLC (the "Controlled Entities").  In fact, the First Amended Complaint directly addresses certain steps that CT Drives has taken – at Higashi's personal direction and using the Controlled Entities – to avoid the claims asserted in the Complaint.  *See* Proposed First Amend. Compl. ¶¶ 11, 68-73.  In short, it appears that Higashi and CT Drives have used Higashi's Controlled Entities to assist in both copyright and trademark infringement.  *See id.*

In the First Amended Complaint, Positork seeks to add Higashi and the Controlled Entities as named defendants, to assert alter-ego and vicarious liability against Higashi and the Controlled Entities, and to add claims related to the infringement of its now-registered copyrights and other claims against the existing and newly-added Defendants.

## III.    <u>ARGUMENT</u>.

The First Amended Complaint will permit Positork to obtain redress - both in damages and equitable relief - from all of the legally-responsible parties, namely, CT Drives, Higashi, the Controlled Entities and Does I though X.  Leave to amend is being sought very early in the action - only months after the Complaint was filed - and before discovery gets underway in earnest.

*/ / /*

---

[3]  More detailed facts concerning the wrongful acts of CT Drives are set forth in the Complaint.

Rule 15(a), FRCP, provides, in pertinent part:

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).  The policy favoring amendments to pleadings "is to be applied with extreme liberality."  *Morongo Band of Missino Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Four factors are used to evaluate a motion for leave to amend:  (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, and (4) futility of amendment.  *See Forman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs*, 833 F.2d at 186.  Whether to allow amendment lies within this Court's discretion.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) (holding district court abused its discretion by denying leave to amend and reversing district court).  "An outright refusal to grant leave to amend without a justifying reason is, however, an abuse of discretion."  *Leadsinger, Inv. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Positork has not unduly delayed its application or acted in bad faith in seeking leave to amend.  After receiving its Registered Copyright and learning of additional wrongful conduct and additional legally-responsible parties, Positork notified CT Drives and the Court of its desire to amend its pleadings.  The filing of the First Amended Complaint will not unfairly prejudice the existing or new Defendants.  None of the existing parties has engaged in discovery or motion practice that will be impacted. The litigation is in its very early stages.  Finally, amendment of the Complaint would not be futile; as discussed below, the newly added allegations concerning Higashi and the entities he controls render them liable for the misconduct of CT Drives.

It has long been recognized that persons in control of a party that infringes a trademark or copyright or a party that engages in unfair competition can be held liable therefor.  Corporate

11-CV-01346 SBA
Mtn to File 1st Amend. Complaint

officers and directors are, in general, personally liable for all torts which they authorize or direct or in which they participate, notwithstanding that they acted as an agent of the corporation and not on their own behalf. *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985).  A corporate officer or manager, such as Higashi, may be liable for trademark infringement if he "directs, controls, ratifies, participates in, or is the moving force behind the infringing activity." *Hewlett-Packard Co. v. Repeat-O-Type Stencil Manufacturing Corp.*, 1995 WL 552168, at *6 (N.D. Cal. Aug. 30, 1995).  Elements of such liability include control and a financial interest.  *See Mort Wolson Associates, Inc. v. Blaine/Worthington Enterprises, Inc.*, 211 U.S.P.Q. 146, 151 (S.D.N.Y. 1980).  Both are alleged here.  Knowing participation is enough for liability to attach.  *See id.*  Positork ought to have the opportunity to develop this claim through discovery.

A similar result obtains when copyrights are infringed.  Both vicarious and contributory liability can be imposed for copyright infringement.  *See Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 435 (1984).  The operator of a business will be held vicariously liable for copyright infringement in cases where the operator controlled the company and had a financial interest in it such that the infringement benefitted him.  *See Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996).

Likewise, contributory copyright infringement also exists at law when one directly contributes to another's infringement.  *See id.* at 264; *Sony*, 464 U.S. at 417.  "[O]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer." *Gershwin Publ'g Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971), *adopted in*, *Universal City Studios v. Sony Corp. of Am.*, 659 F.2d 963, 975 (9th Cir.), *rev'd on other grounds*, 464 U.S. 417 (1984).  *See also, Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996).

The newly added factual allegations in the proposed First Amended Complaint easily satisfy the

above-described elements for contributory copyright infringement.

**IV.     CONCLUSION.**

For the reasons stated, Positork respectfully requests that the Court grant it leave to file

the First Amended Complaint.

Date:  October 25, 2011                                  Respectfully submitted,

                                                         NEIL D. GREENSTEIN
                                                         TECHMARK

                                                         ELLIOTT J. STEIN
                                                         STEVENS & LEE, P.C.


                                              By:  _____/ s / Neil D. Greenstein_____
                                                         Attorney for Plaintiff,
                                                         Positork DISTRIBUTING, INC.