Neil D. Greenstein (SBN 123980)
TECHMARK
1917 Palomar Oaks Way, Suite 300
Carlsbad, CA 92008
(408) 280-2228, X303

Elliott J. Stein (SBN 119153)
STEVENS & LEE, P.C.
100 Lenox Drive, Suite 200
Lawrenceville, New Jersey 08648
(609) 243-9111

Attorney for Plaintiff, Positork DISTRIBUTING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSITORK DISTRIBUTING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CT Drives, LLC, a California limited liability company, WAYNE Higashi, a California citizen, INNOVATIVE TECHNOLOGIES LICENSING AND MANAGEMENT CORPORATION, a California corporation, ES DESIGN, LLC, a California limited liability company, and DOES I through X, inclusive,<br><br>Defendant. | Civil Action No.: 11-CV-01346 SBA<br><br>FIRST AMENDED COMPLAINT<br>1. Federal Trademark Infringement<br>2. Federal Trademark Counterfeiting<br>3. Federal Unfair Competition<br>4. Federal Trademark Dilution<br>5. Federal Copyright Infringement (1)<br>6. Federal Copyright Infringement (2)<br>7. Federal Copyright Infringement (3)<br>8. Unfair Competition Under State Law<br>9. False Advertising Under State Law<br>10. Common Law Trademark Infringement<br>11. Common Law Unfair Competition<br>12. Unjust Enrichment & Accounting |
| CT DRIVES, LLC, a California limited liability company,<br><br>3rd Party Plaintiff/Cross-Claimant,<br><br>v.<br><br>AUTOMOTIVE IMPORTING MANUFACTURING, INC., a California corporation,<br><br>3rd Party Def/Cross-Defendant. | JURY TRIAL DEMANDED |

EXHIBIT A-1

9

The Plaintiff, Positork Distributing, Inc. ("Positork") says as and for its First Amended

Complaint (the "Complaint") against the Defendants:

1.  This is an action for damages and injunctive relief arising under the laws of the United

States, including the Trademark Law, Lanham Act and Copyright Act of 1976, the laws of the

State of California and the common law.

**THE PARTIES**

2.  The Plaintiff, Positork Distributing, Inc., ("POSITORK") is a Delaware corporation

with its principal place of business in Pleasanton, California.

3.  The Defendant, CT Drives, LLC, ("CT DRIVES") is a limited liability company

organized under the laws of the State of California with offices in Los Gatos, California.

4.  The Defendant, Wayne Higashi ("HIGASHI"), is a citizen of the State of California

with offices in Los Gatos, California.

5.  Defendant HIGASHI caused the Defendant CT DRIVES to be formed in April 2008

and has, since that date, been the sole Manager of CT DRIVES.  Defendant HIGASHI has a

financial interest in CT DRIVES and has, at all times relevant hereto, had and exercised complete

control over all actions of CT DRIVES.

6.  At all times relevant hereto, CT DRIVES has been an alter ego of Defendant

HIGASHI.

7.  The Defendant, Innovative Technologies Licensing and Management Corporation,

("ITLMC") is a California corporation with offices in Los Gatos, California.

8.  Upon information and belief, Defendant HIGASHI caused the Defendant ITLMC to be

formed and has, since its formation, been its sole shareholder and served as its director and

officer.

/ / /

EXHIBIT A-2

10

9. Defendant HIGASHI has, at all times relevant hereto, exercised complete control over the actions of ITLMC and is the registered agent for ITLMC.

10. Upon information and belief, Defendant HIGASHI is the sole employee of ITLMC.

11. Upon information and belief, Defendant HIGASHI has, since its formation owned the shares of ITLMC and used ITLMC as a conduit to receive compensation paid by Defendant CT DRIVES to Defendant HIGASHI and has a financial interest in ITLMC.

12. At all times relevant hereto, ITLMC has been an alter ego of Defendant HIGASHI.

13. The Defendant, ES Design. LLC ("ESD") is a California limited liability company with offices in Los Gatos, California, and is also known as Designed Elastomer Springs, LLC.

14. Upon information and belief, Defendant HIGASHI caused the Defendant ESD to be formed and has, since its formation, been its sole Manager.

15. Defendant HIGASHI has, at all times relevant hereto, exercised complete control over the actions of ESD and is the registered agent for ESD.

16. Upon information and belief, Defendant HIGASHI is the sole employee of ESD.

17. Upon information and belief, Defendant HIGASHI has a financial interest in ESD.

18. At all times relevant hereto, Defendant ESD has been an alter ego of Defendant HIGASHI.

19. In 2009, Defendant HIGASHI caused CT DRIVES to enter into a contract with ITLMC whereby ITLMC would "conduct the day to day operations of [CT DRIVES], and perform all administrative, development, marketing and licensing work required thereof, all subject to the direction and approval of the  [Defendant HIGASHI]…"

20. Upon information and belief, sometime after the formation of Defendant ESD in 2009, Defendant HIGASHI caused Defendant ESD to enter into a contract with ITLMC similar to the contract between Defendants ITLMC and CT DRIVES.

- 3 -    11-CV-01346 SBA
Mtn to File 1st Amend. Complaint

EXHIBIT A-3

11

21.  Defendant HIGASHI, himself and using Defendants CT DRIVES, ITLMC and ESD, all of which he controlled and which acted as Defendant HIGASHI's alter egos, committed the wrongful acts complained of herein and/or failed to take action to prevent CT DRIVES, ITLMC and ESD, all of which he controlled and which acted as Defendant HIGASHI's alter egos, from engaging in such unlawful conduct.

22.  The identity and citizenship of the Defendants Does I through X (the "DOE DEFENDANTS") is presently unknown but, upon information and belief, all of the DOE DEFENDANTS are subject to the jurisdiction of this Court. [The Defendants CT DRIVES, HIGASHI, ITLMC, ESD and the DOE DEFENDANTS are referred to herein as the "Defendants"]

## JURISDICTION AND VENUE

23.  The jurisdiction of this Court arises under the Trademark Laws of the United States (15 U.S.C. § 1051etseq.); the Lanham Act (15 U.S.C. § 1125); the Copyright Act (17 U.S.C. § 101 et seq.) and other federal and state laws and common law. This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. 1338(a) and (b) and the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

24.  Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) insofar as a substantial part of the claims asserted herein arose in this District and the Defendants reside or can be found in this District.

## INTRADISTRICT ASSIGNMENT

25.  This is an intellectual property matter subject to District-wide assignment pursuant to L. Civ. R. 3-2(c).

/ / /

/ / /

EXHIBIT A-4

**FACTS COMMON TO ALL COUNTS**

26.  POSITORK is, and has, since January 2004, been in the business of designing, developing and marketing parts and accessories for internal combustion engines, including alternators and starters, together with components and parts therefor.

27.  POSITORK has developed a well-recognized reputation for delivering innovative and high quality products that are purchased by original equipment manufacturers and those purchasing replacement parts (collectively, "Purchasers").

28.  POSITORK has developed and marketed its products under a number of trademarks, some of which it owns and others which it licenses from third parties.

29.  Purchasers have come to associate those trademarks with POSITORK and its well-recognized reputation for delivering innovative and high quality products and those trademarks have aided POSITORK in the sale of its products and become valuable assets of POSITORK.

30.  In February 2004, POSITORK licensed the registered trademarks "FACET" described in Exhibit A-1 and the "FACET" logo (design) described in Exhibit A-2 (collectively, the "Facet Marks"). POSITORK's license for these marks is exclusive in the market relevant to this action.

31.  POSITORK has developed a proprietary line of clutches and decoupler pulleys for use with alternators for internal combustion engines (the "Products") and, as early as 2006, adopted the trademark "REACTIV" in connection with the marketing and sale of such Products.

32.  On July 14, 2006, POSITORK caused an application for registration of the trademark "REACTIV" specifying "Alternators for land vehicles and components thereof, namely, brushes, pulleys, engine bearings, distributors rotors and stators" to be filed with the United States Patent and Trademark Office.

- 5 -

11-CV-01346 SBA
Mtn to File 1st Amend. Complaint

EXHIBIT A-5

33.  On August 12, 2008, POSITORK was awarded United States Registered Trademark No. 3,486,479 (the "Registration") for "REACTIV" (the "Registered Trademark") specifying "Alternators for land vehicles and components thereof, namely, brushes, pulleys, engine bearings, distributor rotors and stators".  [A copy of the Certificate of Registration for the Registered Trademark is attached as Exhibit B.]

34.  The Registration is valid and subsisting and the Registered Trademark has been in continuous use since at least October 1, 2006.

35.  POSITORK created a series of brochures and written and electronic materials ("Materials") to be used in marketing the Products.

36.  POSITORK was and is the owner of all copyrights in and to the Materials.

37.  Amongst the Materials created by POSITORK was a certain "Facet Reactiv Brochure" (the "Brochure").

38.  The Brochure contained wholly original material that is copyrightable subject matter under the Copyright Act of 1976 (as amended; the "Copyright Act"; 17 U.S.C. § 101 et seq.)

39.  POSITORK has complied in all respects with the Copyright Act and has secured the exclusive rights and privileges in and to the copyright in the Brochure and, on July 29, 2011, the U.S. Register of Copyrights registered POSITORK's copyright in and to the Facet Reactiv Brochure. [A true copy of U.S. Certificate of Registration VA 1-784-168 (the "Copyright Registration") is attached as Exhibit C-1.]

40.  Attached hereto as Exhibit C-2 is a true copy of the Facet Reactiv Brochure that was submitted to the U.S. Register of Copyrights and which is the subject of the Copyright Registration.

41.  At all times relevant to this action, POSITORK was and is the sole and exclusive owner of the copyright in and to the Brochure and the Copyright Registration therefor.

11-CV-01346 SBA
Mtn to File 1st Amend. Complaint

EXHIBIT A-6

14

42.  CT DRIVES was formed on April 22, 2008.

43.  Shortly after the formation of CT DRIVES, POSITORK entered into an agreement with CT DRIVES (the "Agreement") whereby CT DRIVES would assemble, manufacture and test the Products to POSITORK's order and specification and sell such Products to POSITORK for POSITORK's resale to its customers and/or directly to POSITORK's customers, in which case, CT DRIVES would compensate POSITORK accordingly.

44.  Under the terms of the Agreement, CT DRIVES was authorized to affix labels that displayed both the Facet Marks and the Registered Trademark only to those Products sold with POSITORK's authorization and consent.

45.  In furtherance of the Agreement, POSITORK shared proprietary, confidential and trade-secret information including, but not limited to, non-public information concerning the Products and POSITORK's customers and suppliers as well as its component and material developments (collectively, "Trade-Secrets").

46.  Beginning in early 2010, CT DRIVES and POSITORK attempted to renegotiate the Agreement.

47.  CT DRIVES subsequently began distributing the Brochure in an effort to market the Products to POSITORK's customers.

48.  CT DRIVES also placed images of POSITORK's Products on its website at www.ct-drives.com (the "Offending Website") and began displaying the Facet Marks and the Registered Trademark on the Offending Website.

49.  After the negotiations between CT DRIVES and POSITORK failed in August 2010, CT DRIVES was directed to cease assembling, manufacturing, testing and selling the Products and/or using the Facet Mark, the Registered Trademark, POSITORK's Materials and/or Trade-Secrets.

EXHIBIT A-7

15

50. Notwithstanding POSITORK's directions, Defendants subsequently approached POSITORK's customers (and others) and offered to sell them Products (provided by CT DRIVES) without the authorization or consent of POSITORK.

51. Upon information and belief, Defendants subsequently approached POSITORK's customers (and others) and also offered to sell them products that were created using POSITORK's Trade-Secrets and which products Defendants represented to be the same as the Products previously purchased from POSITORK (the "Counterfeits").

52. Upon information and belief, Defendants subsequently used POSITORK's Trade-Secrets to produce and sell products to POSITORK's customers (and others) that offered many of the same functions and features as the Products.

53. Upon information and belief, Defendants subsequently lead POSITORK's customers (and others) to believe that POSITRON had authorized the sales of the (unauthorized) Products and Counterfeits by Defendants.

54. Upon information and belief, Defendants labeled and packaged the Counterfeits to appear as though they were Products coming from or sponsored by POSITRON.

55. In furtherance of its efforts to divert and secure business from POSITORK's existing and potential customers and to sell Counterfeits to them, Defendants used the Facet Marks and the Registered Trademark on the Offending Website  and in the Offending Brochure and in other promotional materials in a practice commonly called "bait and switch".

56. In furtherance of their efforts to divert and secure business from POSITORK's existing and potential customers and to sell Counterfeits to them, Defendants copied and used POSITORK's Materials, including the copyrighted Brochure, in a practice commonly called "bait and switch".

/ / /

- 8 -                                   11-CV-01346 SBA
                                        Mtn to File 1st Amend. Complaint

57.  In furtherance of their efforts to divert and secure business from POSITORK's existing and potential customers and to sell Counterfeits to them, Defendants used and disclosed POSITORK's Trade-secrets.

58.  On September 1, 2010, POSITRON served written demand upon CT DRIVES to cease all use of the Facet Marks and the Registered Trademark.

59.  On September 8, 2010, CT DRIVES agreed to cease all use of the Facet Marks and the Registered Trademark (the "September Agreement").

60.  Notwithstanding the written demand by POSITRON and the September Agreement to cease all use of the Facet Marks and the Registered Trademark, Defendants continued to use the Facet Marks and the Registered Trademark, copied and used POSITORK's Materials, including the copyrighted Brochure, and used and disclosed POSITORK's Trade-Secrets to divert and secure business from POSITORK's existing and potential customers and to sell (unauthorized) Products and Counterfeits to them.

61.  Sometime after September 8, 2010, Defendants created brochures (the "Offending Brochure") which were virtually identical to the Brochure, without the authorization or consent of POSITRON. [A copy of the Offending Brochure is attached hereto as Exhibit D.]

62.  Defendants created the Offending Brochure by copying the Brochure and making immaterial changes. The Offending Brochure is a derivative work owned by POSITRON.

63.  Defendants created the Offending Website by copying the Website and making immaterial changes. The Offending Website is a derivative work owned by POSITORK.[A copy of the Offending Website is attached hereto as Exhibit E.]

64.  The Defendants have copied, reproduced and widely distributed the Offending Brochure and made wide use of the Offending Website.

///

EXHIBIT A-9

17

65.  CT DRIVES claims a copyright in the Offending Brochure even though they are derivative works of Brochure and all copyrights therein belong to POSITRON.

66.  Defendants have also copied, published and used the Offending Brochure in order to divert business from POSITRON.

67.  Defendants have also published portions of the Brochure on the Offending Website in order to divert business from POSITRON.

68.  Defendant HIGASHI, who controls Defendant CT DRIVES, has, in each instance, made the decision that CT DRIVES should engage in the aforementioned unlawful conduct and directed CT DRIVES's unlawful actions in engaging in such unlawful conduct.

69.  Defendant HIGASHI, who controls Defendant CT DRIVES, has, in each instance, failed to prevent CT DRIVES from engaging in the aforementioned unlawful conduct.

70.  Defendant ITLMC, which conducts the day to day operations of  [CT DRIVES], and performs all administrative, development, marketing and licensing work required thereof, has, in each instance, made the decision that CT DRIVES should engage in the aforementioned unlawful conduct and directed CT DRIVES unlawful actions in engaging in such unlawful conduct.

71.  Defendant ITLMC, which conducts the day to day operations of  CT DRIVES, and performs all administrative, development, marketing and licensing work required thereof, has, in each instance, failed to prevent CT DRIVES from engaging in the aforementioned unlawful conduct.

72.  Defendant HIGASHI who controls Defendant ESD, has, in each instance, made the decision that Defendant ESD should engage in the aforementioned unlawful conduct and directed Defendant ESD's unlawful actions in engaging in such unlawful conduct.

73.  Defendant HIGASHI, who controls Defendant ESD, has, in each instance, failed to prevent ESD from engaging in the aforementioned unlawful conduct.

- 10 -

11-CV-01346 SBA
Mtn to File 1st Amend. Complaint

EXHIBIT A-10

18

74.  The Defendant DOES, with full knowledge of the foregoing, and in concert and active participation with Defendants CT DRIVES, HIGASHI, ITLMC and ESD, have promoted, marketed and sold (unauthorized) Products and Counterfeits and associated products using the Facet Marks, the Registered Trademark, the Materials, including the copyrighted Brochure, POSITORK's Trade-Secrets, the Offending Website and the Offending Brochure.

75.  The Defendant DOES, with full knowledge of the foregoing, and in concert and active participation with Defendants CT DRIVES, HIGASHI, ITLMC and ESD have, promoted, marketed and sold (unauthorized) Products and Counterfeits and associated products using the Offending Website and the Offending Brochure.

76.  The Defendants, and each of them, have engaged in the foregoing, wrongful conduct, in concert with each other and without the authorization or consent of POSITRON.

77.  As a direct result of the unlawful conduct of Defendants, Purchasers and potential Purchasers of clutches and decoupler pulleys and associated products, together with other members of the general public, have been deceived, become confused and have mistakenly concluded that the Products that they are purchasing from the Defendants are Products authorized by POSITRON.

78.  As a direct result of the unlawful conduct of Defendants, Purchasers and potential Purchasers of clutches and decoupler pulleys and associated products, together with other members of the general public, have been deceived, become confused and have mistakenly concluded that the products that they are purchasing from the Defendants are Products when, in fact, they are purchasing Counterfeits.

79.  As a direct result of the unlawful conduct of Defendants, Purchasers and potential Purchasers of clutches and decoupler pulleys and associated products, together with other members of the general public, have been deceived, become confused and have mistakenly

- 11 -                    11-CV-01346 SBA
Mtn to File 1st Amend. Complaint

EXHIBIT A-11

19

concluded that the products that they are purchasing from the Defendants are designed, developed or marketed by POSITRON when they are not.

80.  As a direct result of the unlawful conduct of Defendants, Purchasers and potential Purchasers of clutches and decoupler pulleys and associated products, together with other members of the general public, have been deceived, become confused and have mistakenly concluded that the Defendants and their Counterfeits are somehow affiliated, connected, associated or sponsored by POSITRON when, in fact, they are not.  CT DRIVES also used the Facet Marks, the Registered Trademark and its claimed association with POSITRON in its attempts to sell CT DRIVES' business.

81.  Additionally, those purchasing Counterfeits from the Defendants have come to associate defects in the clutches and decoupler pulleys purchased from Defendants with the Facet Marks and the Registered Trademark, thereby tarnishing those trademarks and the reputation of POSITRON.

82.  The Defendants, and each of them, has used the Facet Marks, the Registered Trademark, the Materials (including the Brochure which is the subject of the Copyright Registration) and POSITORK's Trade-Secrets to unlawfully compete with POSITRON in the sale of clutches and decoupler pulleys.

83.  The Defendants' unlawful conduct has been malicious, willful and intentional and the damage to POSITRON foreseen as evidenced by its continuation notwithstanding the demands of POSITRON and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to POSITRON, its business, its reputation and goodwill for which POSITRON has no adequate remedy at law.

/ / /

/ / /

11-CV-01346 SBA
Mtn to File 1st Amend. Complaint

EXHIBIT A-12

20

**CAUSES OF ACTION**

**COUNT ONE**

**INFRINGEMENT OF FEDERALLY-REGISTERED TRADEMARK**

**(Against All Defendants)**

84.  POSITRON hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 83, inclusive, as though fully set forth herein.

85.  POSITRON is the owner of the Registered Trademark.

86.  The Registered Trademark is valid and subsisting.

87.  The Defendants have infringed and induced others to infringe the Registered Trademark in interstate commerce by various acts, including, without limitation, unauthorized use of the Registered Trademark in the sale, offering for sale, promotion and advertisement of goods that are not designed, developed manufactured or sold by POSITRON.  Such infringement has been direct and indirect, primary and secondary and inducement to infringe by one or more of the Defendants.

88.  The Defendants' continued use of the Registered Trademark is without the permission or authority of POSITRON and has caused and is likely to cause confusion, cause mistake and/or to deceive those in the relevant market in violation of 15 U.S.C. § 1114.

89.  The Defendants' continued use of the Registered Trademark in connection with products that are similar to the Products has been made notwithstanding POSITORK's well-known and prior established rights in the Registered Trademarks and with both actual and constructive notice of POSITORK's Registration under 15 U.S.C. §1072.

90.  The Defendants' continued infringement of POSITORK's Registered Trademark has been and continues to be willful, entitling POSITRON to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

- 13 -                    11-CV-01346 SBA
Mtn to File 1st Amend. Complaint

EXHIBIT A-13

21

91.  The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to POSITRON, its business, its reputation and goodwill in the Registered Trademark for which POSITRON has no adequate remedy at law.

## COUNT TWO

### COUNTERFEITING OF FEDERALLY-REGISTERED TRADEMARK

#### (Against All Defendants)

92.  POSITRON hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 91, inclusive, as though fully set forth herein.

93.  POSITRON is the owner of the Registered Trademark.

94.  The Registered Trademark is valid and subsisting.

95.  The Defendants have maliciously, willfully and intentionally used a word mark, in connection with the sale, offering for sale, or distribution of goods, knowing such word mark is a counterfeit mark.

96.  POSITRON has the right, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages of up to $2 million, as the Court considers just, and such right to recover statutory damages is hereby reserved.

97.  The Defendants' continued counterfeiting activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to POSITRON, its business, its reputation and goodwill in the Registered Trademark for which POSITRON has no adequate remedy at law.

/ / /

/ / /

EXHIBIT A-14

22

**COUNT THREE**

**FEDERAL UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. 1125(A)**

**(Against All Defendants)**

98.  POSITRON hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 97, inclusive, as though fully set forth herein.

99.  By engaging in the aforementioned conduct, the Defendants have and are violating 15 U.S.C. § 1125(a) and are unfairly competing with POSITRON.

100.  Defendants are engaging in false designation of origin, false and misleading description of fact and false and misleading representation of fact, any or all of which are likely to cause confusion, mistake and to deceive by wrongly suggesting an affiliation, connection, association or sponsorship between the Defendants and POSITRON in violation of 15 U.S.C. § 1125(a).

101.  Defendants' conduct is likely to harm or extinguish the ability of POSITRON to indicate the source and quality of its Products to Purchasers and the general public.

102.  The Defendants' continued willful, wanton and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to POSITRON, its business, its reputation and its goodwill for which POSITRON has no adequate remedy at law.

103.  The Defendants have been unjustly enriched and profited and will continue to be unjustly enriched and profit from their willful, wanton and unlawful conduct and POSITRON is entitled to recover damages and profits from Defendants in an amount to be proven at trial.

/ / /

/ / /

/ / /

**EXHIBIT A-15**

23

**COUNT FOUR**

**FEDERAL TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. §1125(C)**

**(Against All Defendants)**

104.  POSITRON hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 103, inclusive, as though fully set forth herein.

105.  The Registered Trademark has become famous in connection with "alternators for land vehicles and components thereof, namely, brushes, pulleys, engine bearings, distributor rotors and stators".

106.  Defendants have misappropriated the Registered Trademark and the associated goodwill in connection with their promotion and sale of clutches and decoupler pulleys and associated products.

107.  Defendants have used the Registered Trademark to promote and sell products that are similar to Products but which are not Products.

108.  Defendants' commercial use of the Registered Trademark to promote and sell competing products has lessened the capacity of POSITRON to use the Registered Trademark to identify authentic Products thereby diluting the distinctive quality associated with the Registered Trademark.

109.  The Defendants' continued willful, wanton and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to the Registered Trademark for which POSITRON has no adequate remedy at law.

110.  The Defendants have intentionally traded on POSITORK's reputation and profited and will continue to profit from their willful, wanton and unlawful conduct and POSITRON is entitled to recover damages and profits from Defendants in an amount to be proven at trial.

/ / /

- 16 -                           11-CV-01346 SBA
                                 Mtn to File 1st Amend. Complaint

**EXHIBIT A-16**

111.  The Defendants' acts and omissions constitute violations of the Federal Anti-Dilution Statute, 15 U.S.C. § 1125(c) and POSITRON has been injured thereby.

### COUNT FIVE

**FEDERAL COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. §106(1)**

**(Against All Defendants)**

112.  POSITRON hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 111, inclusive, as though fully set forth herein.

113.  Defendants have repeatedly violated POSITORK's exclusive rights to reproduce POSITORK's copyrighted Brochure in violation of 17 U.S.C. § 106(1).

114.  Defendants have directly, vicariously and contributorily infringed POSITORK's registered copyright in and to the Brochure, and induced others to do so.

115.  Defendants' infringements have been willful as that term is used in 17 U.S.C. § 504(c) of the Copyright Act.

116.  POSITRON has been and will continue to be injured by Defendants' actions and are entitled to damages and, insofar as such damages are an inadequate remedy, injunctive and other relief.

### COUNT SIX

**FEDERAL COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. §106(2)**

**(Against All Defendants)**

117.   POSITRON hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 116, inclusive, as though fully set forth herein.

118.  Defendants have repeatedly violated POSITORK's exclusive rights to prepare derivative works from POSITORK's copyrighted Brochure in violation of 17 U.S.C. § 106(2).

/ / /

- 17 -

11-CV-01346 SBA
Mtn to File 1st Amend. Complaint

EXHIBIT A-17

119.  Defendants have directly, vicariously and contributorily infringed POSITORK's registered copyright in and to the Brochure, and induced others to do so.

120.  Defendants' infringements have been willful as that term is used in 17 U.S.C. § 504(c) of the Copyright Act.

121.  POSITRON has been and will continue be injured by Defendants' actions and are entitled to damages and, insofar as such damages are an inadequate remedy, injunctive and other relief.

#### COUNT SEVEN

#### FEDERAL COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. §106(3)

#### (Against All Defendants)

122.  POSITRON hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 121, inclusive, as though fully set forth herein.

123.  Defendants have repeatedly violated POSITORK's exclusive rights to distribute copies of POSITORK's copyrighted Brochure in violation of 17 U.S.C. § 106(3).

124.  Defendants have directly, vicariously and contributorily infringed POSITORK's registered copyright in and to the Brochure, and induced others to do so.

125.  Defendants' infringements have been willful as that term is used in 17 U.S.C. § 504(c) of the Copyright Act.

126.  POSITRON has been and will continue be injured by Defendants' actions and are entitled to damages and, insofar as such damages are an inadequate remedy, injunctive and other relief.

/ / /

/ / /

/ / /

EXHIBIT A-18

26

**COUNT EIGHT**

**UNFAIR COMPETITION  UNDER CALIFORNIA LAW**

**CAL. BUS. & PROF. CODE § 17200**

**(Against All Defendants)**

127.  POSITRON hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 126, inclusive, as though fully set forth herein.

128.  Defendants' acts and omissions are likely to cause confusion, mistake in and deceive the general purchasing public, including but not limited to Purchasers, regarding the source and quality of the products being purchased from the Defendants.

129.  Defendants' acts and omissions are likely to unlawfully divert the trade and business of POSITRON to Defendants and away from POSITRON.

130.  Defendants' acts and omissions are likely to mislead the general purchasing public, including but not limited to Purchasers, into wrongly believing that there is an affiliation, connection, association or sponsorship between the Defendants and POSITRON.

131.  By engaging in the aforementioned acts and omissions, Defendants have violated California Business and Professions Code § 17200 in that Defendants have, and will continue to, divert the trade and business of POSITRON to Defendants and away from POSITRON and otherwise unlawfully compete with POSITRON.

132.  The Defendants' continued willful, wanton and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to the Registered Trademark for which POSITRON has no adequate remedy at law.

/ / /

/ / /

/ / /

**EXHIBIT A-19**

27

## COUNT NINE

### FALSE ADVERTISING  UNDER CALIFORNIA LAW

### CAL. BUS. & PROF. CODE § 17500, § 17535

### (Against CT DRIVES)

133.  POSITRON hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 132, inclusive, as though fully set forth herein.

134.  The Defendants' conduct constitutes deceptive, untrue and misleading advertising in violation of California Business and Professions Code § 17500 and § 17535 and under California common law.

135.  As a result of Defendants' conduct, POSITRON has lost money and other property.

136.  The Defendants' continued willful, wanton and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to the POSITRON and its Registered Trademark for which POSITRON has no adequate remedy at law.

## COUNT TEN

### COMMON LAW TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW

### (Against All Defendants)

137.  POSITRON hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 136, inclusive, as though fully set forth herein.

138.  POSITRON is the owner of goodwill and valuable trademark rights protected by the common law of California.

139.  The unauthorized use by Defendants of reproductions, counterfeits, copies or colorable imitations of the Registered Trademark in connection with the sale of Defendants' goods is likely to cause confusion, mistake and deception and violates POSITORK's rights under California's common law.

EXHIBIT A-20

28

140.  The Defendants' continued willful, wanton and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to the Registered Trademark for which POSITRON has no adequate remedy at law.

## COUNT ELEVEN

### COMMON LAW UNFAIR COMPETITION UNDER CALIFORNIA LAW

**(Against All Defendants)**

141.  POSITRON hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 140, inclusive, as though fully set forth herein.

142.  Defendants have and are willfully, fraudulently, oppressively, maliciously and unlawfully diverting and attempting to divert the trade and business of POSITRON to Defendants and away from POSITRON.

143.  Defendants are using the Facet Marks, the Registered Trademark, the Materials, including the Brochure, images and descriptions of Products and POSITORK's Trade-Secrets to promote and sell products that are not Products and are not designed, developed, manufactured or sold by POSITRON.

144.  Defendants are engaging in the aforementioned conduct without the authority or consent of POSITRON and are profiting and unjustly enriching themselves by their wrongdoing.

145.  Defendants are unlawfully competing with POSITRON in violation of California's common law.

146.  As a result of Defendants' conduct, POSITRON has lost money and other property.

147.  The Defendants' continued willful, wanton and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to the Registered Trademark for which POSITRON has no adequate remedy at law.

/ / /

- 21 -

11-CV-01346 SBA
Mtn to File 1st Amend. Complaint

**COUNT TWELVE**

**UNJUST ENRICHMENT & ACCOUNTING**

**(Against All Defendants)**

148.  POSITRON hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 147, inclusive, as though fully set forth herein.

149.  The Registered Trademark has become famous in connection with "alternators for land vehicles and components thereof, namely, brushes, pulleys, engine bearings, distributor rotors and stators".

150.  Defendants, by their conduct, have deprived POSITRON of the value of its property while profiting and benefitting from the use of such property.

151.  Defendants have been unjustly enriched to the detriment of POSITRON.

152.  POSITRON is entitled to recover damages and to obtain an accounting from Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, POSITRON prays for the following relief:

A.      An award of damages, including statutory, trebled and/or punitive damages, to be assessed, jointly and severally, against Defendants CT DRIVES, HIGASHI, ITLMC, ESD and DOES I - X; and

B.      A temporary, preliminary and permanent injunction restraining the Defendants, together with their officers, employees, agents, successors and assigns or others acting in concert with them, from marketing, offering for sale or selling Products or Counterfeits; and

C.      A temporary, preliminary and permanent injunction restraining the Defendants, together with their officers, employees, agents, successors and assigns or others acting in concert with them, from using the Registered Trademark; and

- 22 -

11-CV-01346 SBA
Mtn to File 1st Amend. Complaint

D.     A temporary, preliminary and permanent injunction restraining the Defendants, together with their officers, employees, agents, successors and assigns or others acting in concert with them, from using the Facet Marks; and

E.     A temporary, preliminary and permanent injunction restraining the Defendants, together with their officers, employees, agents, successors and assigns or others acting in concert with them, from copying, distributing or using the Brochure, in whole or part; and

F.     A temporary, preliminary and permanent injunction restraining the Defendants, together with their officers, employees, agents, successors and assigns or others acting in concert with them, from copying, distributing or using the Offending Brochures or other derivative works derived from the Brochure; and

G.     An Order requiring the Defendants to account to POSITORK for their profits resulting from their unlawful conduct; and

H.     An Order requiring Defendants to remove all references to the Registered Trademark, the Facet Marks and/or Products from the Offending Website and any other websites that they may own or control ; and

I.     An Order requiring Defendants to destroy all Brochures, Offending Brochures and all materials bearing or incorporating the Registered Trademark, the Facet Marks and/or the Materials, including the Brochure, and/or POSITORK's Trade-Secrets; and

J.     An award of attorneys' fees and costs; and

K.     Such other relief as the Court deems just and equitable under the circumstances.

/ / /

/ / /

/ / /

/ / /

11-CV-01346 SBA
Mtn to File 1st Amend. Complaint

EXHIBIT A-23

1

**<u>JURY DEMAND</u>**

2

Plaintiff hereby demands a trial by jury for all issues so triable.

3

Date:  October 25, 2011                                Respectfully submitted,

4

5                                                                         NEIL D. GREENSTEIN
                                                                          TECHMARK

6
                                                                          ELLIOTT J. STEIN
7                                                                         STEVENS & LEE, P.C.

8                                                   By: _____

9                                                        Attorney for Plaintiff,
                                                         Positork DISTRIBUTING, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        - 24 -                    11-CV-01346 SBA
                                                                 Mtn to File 1st Amend. Complaint

EXHIBIT A-24